CHARLES W. RUSSELL *vs.* HORACE A. LATHROP.

Norfolk. Jan. 23, 24. — Mar. 7, 1877. MORTON & ENDICOTT, JJ., absent.

An order that a bill in equity, brought to restrain the use of an invention described in letters patent, be taken *pro confesso*, is not "a decree or judgment establishing the validity" of the letters patent, within the meaning of those words in an agree-ment by which a sum of money was to be paid when such a decree was obtained.

WRIT OF REVIEW of a judgment recovered by the defendant in review against the plaintiff in review on the following con-

tract in writing, dated January 22, 1870, and signed by the plaintiff in review and James T. Frary :

" It is agreed between H. A. Lathrop of Sharon, and James T. Frary and Charles W. Russell of New York, that for services heretofore rendered by said Lathrop to said Frary and Russell, they shall procure from the Lamson & Goodnow Manufacturing Company for him a license to manufacture at his said Lathrop's works, in Sharon aforesaid, and not elsewhere, and sell three thousand dozens of cutlery, under the patent granted to Joseph W. Gardner in 1859, and assigned to the said company during the unexpired term of said patent; which license the said Lathrop has applied to and requested the said Frary and Russell to procure for him from said company; and further that they will pay the royalty charged for said license by said company; and they also agree to pay said Lathrop three thousand dollars when and as soon as said company shall have obtained a decree or judgment establishing the validity of said patent; and said Lathrop agrees that he will use his best endeavors to aid in establishing the validity of said patent whenever he shall be called upon to do so by said Frary and Russell, or said company."

After the former decision, reported 119 Mass. 531, the case was tried in the Superior Court, before *Allen*, J., who ordered a verdict for the plaintiff in review, and reported the case for the consideration of this court, so much of which, as is material to an understanding of the point decided, was as follows :

The execution and delivery of the agreement, and a demand of payment by Lathrop upon Russell before bringing the present suit, were proved. The defendant in review also introduced in evidence the records of three suits in equity brought by the Lamson & Goodnow Manufacturing Company, in the United States courts, in the city of New York, to restrain the use of the invention described in the letters patent referred to in said agreement. The suits were brought against J. Russell & Co., Landers, Frary & Co., and Clement, Hawks & Co., respectively, by bills in equity, each of which was dated April 17, 1867. The several defendants respectively filed answers therein, setting up, among other matters, that the letters patent were invalid; that the invention was not new. In May, 1870, the defendants in said suits, respectively, filed their written consent that said bills

might be taken *pro confesso*, evidence on both sides had been previously taken, and on June 9, 1870, an order was entered in each case, that the bills should be taken *pro confesso;* and no further decree, order or judgment was ever passed or entered in either of them.

*E. R. Hoar & A. Churchill*, for the defendant in review.

*C. Allen & R. C. Lincoln*, for the plaintiff in review.

DEVENS, J.   The defendant in review, the original plaintiff, relies only on an order that a bill in equity, alleging certain violations of the patent referred to in the written agreement, be taken *pro confesso*, as " a decree or judgment establishing the validity of " the patent.   When this case was last before the court, it was not necessary to decide this question ; but it should now be determined, for if no such decree or judgment, as was contemplated by the agreement, has been rendered, the defendant in review cannot maintain this action, and a discussion of other questions presented by the bill of exceptions would be superfluous.

As there can be no decree in the nature of a judgment *in rem*, which would, as against every one, establish that a patent was valid, it may properly be contended that any decree, which, as against a party alleged to have infringed the patent, established its validity, would be such as is called for by the agreement. The contract does not in terms call for a final decree, but that cannot be deemed a decree establishing the validity of the patent, which is a statement only that the defendant has admitted the allegations of the bill, and not an adjudication that, as against the defendant, the plaintiff has maintained his right.   Something more is necessary than an interlocutory decree, even if the court, before whom the action was pending, might then, without notice to the defendant, proceed to a final decree.

An order that a bill be taken *pro confesso* is interlocutory and intended to prepare the case for a final decree.   Its effect is similar to that of a default in an action at common law, by which the defendant is deemed to have admitted all that is well pleaded in the declaration.   The defendant has lost his standing in court, and is not entitled to notice of its further proceedings, but the matters set forth in the bill do not pass *in rem judicatam* until the final decree.   The bill is still to be read, that the court may

then determine whether there is cause, upon the allegations, to decree for the plaintiff, and it by no means follows that such will be the decree. *Rose* v. *Woodruff*, 4 Johns. Ch. 547. *Geary* v. *Sheridan*, 8 Ves. 192. *Frow* v. *De La Vega*, 15 Wall. 552. If damages are sought by the bill, or if an account is demanded, the case is to be referred to a master, and, upon the return of his report, the final decree may be against the plaintiff, notwithstanding the interlocutory order in his favor. *Forbes* v. *Tucker-man*, 115 Mass. 115, and cases cited.

It is not an answer to say that, if the proceedings are examined in the case in which the order taking the bill *pro confesso* was entered, they will be found to be regular, and such as entitle the plaintiffs therein to a final decree for damages and an injunction against the defendants. Showing that the plaintiffs in such suit are entitled to a decree establishing the validity of the patent is quite a different thing from showing that it has been rendered. The latter proposition must be proved before the defendant in review can maintain his action.

*Judgment on the verdict.*