Opinion delivered May 31, 1887.

68 403
82 267
84 343

## No. 5911.

### E. L. ANTHONY *v.* BOYD TAYLOR.

1. JUDGMENT LIEN.—Though an execution may have issued within twelve months from the rendition of the judgment which authorized it, yet whenever there is a failure to procure its issuance for more than one year thereafter, the lien secured by it upon the land of the judgment debtor, ceases.

1. REGISTRATION.—The registration of the abstract of a judgment, which does not substantially describe the judgment, gives no notice, and fixes no lien. Thus, a judgment which was rendered as a judgment in favor of Joan Burkhead and William Burkhead against W. T. and J. C. Roberts fixed no lien for a judgment rendered in a cause in which Joan Bankhead and Willian Bankhead were plaintiffs and W. T. Roberts and J. C. Roberts were defendants.

APPEAL from Milam. Tried below before the Hon. W. E. Collard.

*E. L. Antony* and *A. G. Wilcox,* for the appellant, on their proposition that a final judgment rendered by a court of record constitutes a lien on all the real estate of the judgment debtor situate in the county where the judgment is rendered from the date of the judgment; and this lien continues whilst the judgment is alive, except where execution is not issued within one

year from the first day upon which such execution could issue thereon by law; but that if execution issued within one year, then that the lien continues as long as the judgment is alive, cited Paschal's Digest, volume 11, article 7005 (then in force, and so continued in force until the adoption of the Revised Statutes in 1879); Nicholas v. Hester, 42 Texas, 181; 4 Kent's Commentaries, pages 435–437; Freeman on Judgments, section 367; 1 Blackford, 402; 31 Illinois, 467; 5 Georgia, 153.

On the effect of the registration of the abstract of the judgment they cited Paschal's Digest, volume 2, articles 7005–7007, Revised Statutes, article 3160; Revised Statutes, title 61, chapter 1; 4 Kent's Commentaries, 435–7; Freeman on Judgments, section 367; Ridge v. Prather, 1 Blackford, 402; 4 West Virginia, 608; 31 Illinois, 467; 5 Georgia, 153; 32 Georgia, 453; Colt v. Dubois, 7 Nebraska, 391; 13 Arkansas, 74; 1 Minnesota, 274; 2 Sneed, 665; 10 Leigh, 394; Muller v. Boone, 63 Texas, 94.

*W. M. James,* for appellee, cited Barron v. Thompson, 54 Texas, 234, Bassett v. Proetzell, 53 Texas, 560; Deutsch & Co. v. Allen, 57 Texas, 90.

STAYTON, ASSOCIATE JUSTICE. On April 5, 1878, Joan and William Bankhead recovered a judgment in the district court for Milam county, against W. T. and J. C. Roberts. On May 29, 1878, an execution issued under this judgment which was returned June 5, without levy or satisfaction, and after this no execution issued until October 22, 1884, when one issued that was levied on the land in controversy on December 2, of same year. Under this levy the land was sold and the appellants became the purchasers.

Plaintiffs in the judgment before referred to, took an abstract of that judgment, and, on May 16, 1881, attempted to have it recorded, but it was recorded as a judgment in favor of Joan Burkhead and William Burkhead against W. T. and J. C. Roberts, instead of Joan Bankhead and William Bankhead. It was indexed in the same manner.

On October 20, 1882, Darnell conveyed the land in controversy to Julia Roberts, wife of W. T. Roberts, one of the persons against whom the judgment before referred to was rendered, and this deed on its face showed that it was made in consideration of six hundred dollars paid by Mrs. Julia Roberts, but it contained no recital that the consideration was of her separate

estate, or of any fact tending to show that it was intended to convey the land to her in her separate right.

On December 8, 1883, W. T. Roberts and wife conveyed the land to the appellee by a deed which recited a consideration of four hundred and fifty dollars cash, and a promissory note, for two hundred and seventy-three dollars and sixty-three cents due November 1, 1884. This deed was recorded May 13, 1884, and there is no claim that the transaction evidenced by it was not bona fide.

To entitle the appellants to recover, they must show a state of facts which gave them a lien on the land at the time appellee bought it. Although an execution issued within twelve months after the judgment was rendered, it is well settled that the subsequent failure to issue execution from year to year was such want of diligence as to deprive the judgment of its lien-conferring power. (Barron v. Thompson, 54 Texas, 235; Bassett v· Proetzel, 53 Texas, 579; Ficklin v. McCarty, 54 Texas, 371; Williams v. Davis, 36 Texas, 250.

The capacity of the judgment to confer a lien was lost before the land was conveyed to Mrs. Roberts unless it was continued or rather restored by the attempted record of an abstract of the judgment.

In Muller v. Boone, 63 Texas, 94, it was held that this would not be the effect of recording an abstract of a judgment rendered before the adoption of the Revised Statutes, when under the former law the lien had been lost by failure to use proper diligence.

If, however, this were not so, it would not better the case made by the appellants. The statute declares that " when any judgment *has been recorded and indexed,* as provided in the preceding articles, it shall, from the date of such record and index, operate as a lien," etc.

The purpose of record is to give notice of the lien, and a recorded abstract, which does not substantially describe the judgment on which the lien is founded, does not give such notice as the statute contemplates. The abstract recorded must show the names of the plaintiffs and of the defendants in such judgment. (Revised Statutes, 3155.) The record must show this truly. In the case before us the record showed a judgment in favor of Joan Burkhead and William Burkhead, while the judgment on which the lien was claimed showed a judgment in favor of Joan and William Bankhead.

The names of the real plaintiffs and of the plaintiffs shown by the record are not *idem sonans*. There is no error in the judgment, and it will be affirmed. It is so ordered.

*Affirmed.*