## J. J. ATTERIDGE v. JOHN L. MAXEY ET AL.

Delivered March 19, 1898.

**Abstract of Judgment—Certificate.**

A certificate by a justice of the peace to the abstract of a judgment rendered by him in 1890 against "John L. Maxey" to the effect that the abstract is a true and correct abstract of a judgment rendered by him in "1894" against "John N. Maxwell" will not authorize its record under articles 3228 and 3287 of the Revised Statutes, authorizing the clerk to record an abstract of a judgment rendered in a justice court when certified to by the justice in whose court the judgment was rendered.

APPEAL from Johnson. Tried below before Hon. J. M. HALL.

*Henry, Brown & Goldsmith,* for appellant.

No brief for appellee reached the Reporter.

BOOKHOUT, ASSOCIATE JUSTICE.—This suit was instituted by appellant in the District Court of Johnson County, Texas, against appellees, to subject certain moneys in the hands of appellee Rice Maxey, as administrator of the estate of G. H. Maxey, deceased, to the payment of a judgment held by appellant against appellee John L. Maxey, for $214.61.

Appellant prayed for and obtained a writ of injunction against ap-

pellees Rice Maxey and F. E. Adams, restraining them from paying over to John L. Maxey his interest in the proceeds of the sale of the land then in the hands of said Rice Maxey until the termination of this suit, or so much as was necessary to pay appellant. Appellant sought by pleading and prayer to establish his judgment lien on the land and to pursue the proceeds of the sale in the hands of the administrator, and to cancel the conveyance from John L. Maxey to his daughters, Winthers and Hill, as fraudulent; and in the alternative, in case the court should hold he did not acquire a judgment lien by virtue of his abstract of judgment, that he be decreed to be in equity entitled to the satisfaction of his judgment out of the interest of John L. Maxey in the hands of the administrator.

Appellees all answered by general demurrer and general denial, except F. E. Adams, who made no answer.

The admitted facts and proof show, that appellant recovered judgment in the Justice Court of Cook County, for $162, against John L. Maxey, in August, 1890; that execution was issued on this judgment within one year and returned no property found; that G. H. Maxey died in Johnson County in 1894, owning land in said county; that appellee John L. Maxey inherited a one-seventh interest in said land; that appellee Rice Maxey was appointed administrator of G. H. Maxey's estate by the County Court of Johnson County; that appellee John L. Maxey conveyed his interest in the lands of the G. H. Maxey estate to his daughters, Lucy K. Hill and S. E. Winthers, appellees in this cause, in consideration of love and affection, and on no other consideration; that the landed estate of G. H. Maxey was sold by order of the court for the purpose of partitioning the proceeds among the heirs of said estate; that the interest of John L. Maxey amounted to about $500, and was in the hands of the administrator at the institution of this suit; that John L. Maxey was insolvent, and had been since the judgment against him was obtained; that he had no property subject to execution, attachment, garnishment, or any other legal writ, unless the proceeds of sale of land could be reached by some legal writ.

The evidence showed that appellant had his judgment abstracted and recorded in Johnson County after G. H. Maxey's death and before the sale of the land under order of court; that the abstract was in compliance with the requirements of the statute in all respects, that is, it gives the name of the plaintiff and defendant, the court in which recovered, date of judgment (August, 1890), the number of the suit, the amount of judgment and costs of suit, the credits on the judgment, and the amount due. The certificate of the justice to the abstract is dated November 27, 1894, and certifies that the "above and foregoing is a true and correct abstract of the judgment rendered in said court at the August term, 1894, in case No. 7192, J. J. Atteridge is plaintiff in judgment v. John L. *Maxwell* is defendant, as appears from record book 7, on page 264." This abstract was recorded and indexed in the style of J. J. Atteridge v. John L. Maxey. The abstract had the follow-

ing indorsement on back of same: "File No. 7192, Abstract Judgment, In Justice Court Precinct No. 1, Cook County, Texas, in case of J. J. Atteridge v. John L. Maxey."

Appellant's second and fifth assignments of error complain of the trial court's second finding of law, wherein the court finds that an abstract of the judgment rendered in the Justice Court of Cook County was not properly recorded in Johnson County, and that as recorded created no lien on the real estate of John L. Maxey situated in said last named county.

The finding of the court in reference to this matter is shown in its second conclusion of law, which reads: "I find that said judgment is not certified to as required by law, in this, the judgment purports to bear date as set forth in the abstract on the 27th day of August, 1890. The justice of the peace certifies that the abstract is a true and correct abstract of a judgment rendered at the August term of said court, 1894. Again, the judgment relied on purports to have been rendered against J. L. Maxey; whereas, in the certificate of the officer it is stated that the abstract in question is a true and correct abstract of a judgment rendered in favor of J. J. Atteridge and against J. L. *Maxwell*."

The court further concluded that the recording of said abstract was without authority of law, and therefore created no lien on the land described in plaintiff's petition, nor on the funds now in the hands of the administrator.

If the court's holding in this respect is correct, the judgment must be affirmed.

The clerk is authorized to record an abstract of judgment rendered in a justice court when the same is certified to by the justice in whose court the judgment was rendered, and without such certificate he is not authorized to record it. Sayles' Civ. Stats., arts. 3286, 3287; Spence v. Brown, 86 Texas, 433.

Can it be said that the abstract of judgment recorded in Johnson County, and contained in the record in this case, was so certified to? The abstract showed a judgment in favor of J. J. Atteridge against J. L. Maxey, rendered at the August term, 1890. The certificate to the abstract certified is not that the "above and foregoing is a true and correct abstract of the judgment rendered at the August term, 1890, of that court, in favor of J. J. Atteridge against John L. Maxey;" but that it is a true and correct abstract of a "judgment rendered at the August term, *1894*," of that court in favor of J. J. Atteridge against John L. *Maxwell*.

By no rule of construction can it be said that the abstract of the judgment in No. 7192, J. J. Atteridge v. John L. Maxey, rendered at the August term, 1890, was certified to by the justice of the peace in whose court the judgment was rendered. The said abstract not being certified to as required by the statute, the clerk was without authority to record the same; and it follows that the recording of the same created no lien on the property of John L. Maxey.

This ruling requires an affirmance of the judgment, and renders it unnecessary to pass upon the other assignments of error.

*Affirmed.*

Application for writ of error dismissed by the Supreme Court for want of jurisdiction.