BLANKENSHIP & BUCHANAN v. B. L. HERRING.

Decided October 15, 1910.

**1.—Judgment Lien—Abstract—Pleading—Variance.**

A judgment lien is strictly a statutory right, and, to be valid, the re-
corded abstract of the judgment must truly show the date of the judgment,
the amount of the same, and the names of all the parties thereto. The alle-
gations of these facts are material, and any variance between them and the
proof would be good cause for the exclusion of the abstract of the judgment in
a suit to foreclose the judgment lien.

**2.—Same—Case Stated.**

In a suit to foreclose a judgment lien it was alleged that the date of
the judgment was April 28th, that the judgment was against two parties, and
that the amount of the same was $1007.72. The recorded abstract of the judg-
ment, upon which plaintiff relied to establish his lien, showed that the judg-
ment was rendered on April 18th, that it was against three parties instead of
two, that it bore interest at the rate of ten per cent per annum, and was for
costs amounting to $23.25 in addition to the principal sum. Held, the ab-
stract was properly excluded as evidence because of the variance between it and
the petition.

**3.—Same.**

A judgment lien can not be established by abstracting a judgment which
is not final.

**4.—Same—Judgment by Default—Practice.**

An interlocutory judgment by default was taken against two out of three
defendants, and the cause continued upon motion of the third defendant; at a
succeeding term the cause was dismissed as to the third defendant and no
other order was made as to the two defendants against whom judgment by
default had been rendered. Held, the judgment was not a final judgment and
therefore no lien could be fixed on land by abstracting the same. Upon dis-
missal of the cause as to the third defendant the judgment should have been
made final against the other two.

Appeal from the District Court of Ector County. Tried below before
Hon. S. J. Isaacks.

*Frank A. Judkins,* for appellants.—A variance between the allega-
tion and proof must be both misleading and material to be considered.
Krueger v. Klinger, 10 Texas Civ. App., 576; 64 Texas, 56; Mason v.
McLaughlin, 16 Texas, 27; Rockwall Bank v. Stephenson, 82 Texas,
435.

Where the substance of the allegations in the petition is proved, there
is no variance. Blum v. Keyser, 28 S. W., 561; Phipps v. Willis, 32 S.
W., 801; 35 S. W., 489; St. Louis A. & T. Ry. v. Turner, 20 S. W.,
1008; Mason v. McLaughlin, 16 Texas, 27; Ellis v. Bonner, 27 S. W.,
687; Wiebusch v. Taylor, 64 Texas, 56.

*E. C. Cannon* and *Hefner & Hudson,* for appellee.—Judgment must
be proved as pleaded. Variance in any material matter is fatal. Appel-
lants pleaded a judgment recovered against C. M. Clark and Kelly
Hogg in the County Court of Smith County, Texas, on April 28, 1899,

for the sum of $1007.72, and allege that they "had an abstract of *said judgment* recorded in the judgment records of Ector County, Texas." They offered in evidence an abstract of judgment against C. M. Clark, *S. T. Dawson* and Kelly Hogg, dated April 18, 1899, for $1007.72, *$23.25 costs of suit, bearing ten per cent interest.*   Vidor v. Rawlins, 54 S. W., 1026; Jordan v. Meyers, 34 S. W., 92; Shipman v. Fulcord, 42 Texas, 248; Brown v. Martin, 19 Texas, 345; Roseborough v. Gorman, 6 Texas, 313; Sheehy v. Mandeville, 7 Cranch, 208; Howell v. Shands, 35 Ga., 66; Schertz v. Bank, 47 Ill. App., 124; Spangler v. Pugh, 21 Ill., 85; Mann v. Edwards, 138 Ill., 21; 22 Ency. Pl. & Pr., p. 616.

CONNER, CHIEF JUSTICE.—Appellants instituted this suit against appellee in the District Court of Ector County on the 29th day of January, 1909, to foreclose a judgment lien on sections 15, 16, 21 and 22, in block 32, of that county, which appellee had purchased from one Kelly Hogg.   The trial before the court without a jury resulted in a judgment in appellee's favor.

The material errors assigned relate to the action of the court in excluding, on the ground of variances from the petition, the abstract of judgment by virtue of which appellants assert the lien.   As alleged, appellants "on the 28th day of April, 1899, were partners in business under the firm of B. Blankenship & Company, and as a firm they recovered a judgment against C. M. Clark and Kelly Hogg in the County Court of Smith County, Texas, for the sum of $1007.72, said judgment being made final on the day and date last above written."   The abstract offered in evidence gave the number of the suit, the names of Blankenship & Buchanan, B. Blankenship and M. G. Buchanan, as plaintiffs, C. M. Clark, S. G. Dawson and Kelly Hogg as defendants, the date of the judgment as April 18, 1899, and as rendered in the County Court of Smith County for the sum of one thousand and seven dollars and seventy-two cents, and twenty-three dollars and twenty-five cents costs, with rate of interest at ten per cent, giving the total amount due at the time of the filing of the abstract as one thousand and thirty dollars and ninety-seven cents.

We feel ourselves unable to say that the variances thus appearing are not substantial.   The statute (Sayles' Civil Statutes, article 3285) states the requisites of an abstract of judgment; among other things necessary to be stated being the names of the parties, the amount due, and the date thereof.   The lien afforded is strictly statutory and it has been frequently held that to be valid the abstract must truly show both the amount of the judgment and its true date.   Evans v. Frisbie, 84 Texas, 341; Willis v. Sanger, 15 Texas Civ. App., 655 (40 S. W., 229); Noble v. Barner, 22 Texas Civ. App., 357 (55 S. W., 382); Rushing v. Willis, 28 S. W., 921; Anthony v. Taylor, 68 Texas, 403; Gullet Gin Co. v. Oliver & Griggs, 78 Texas, 182.   The allegations of date, amount and names, therefore, are material, and it is elementary that the proof must correspond to the material allegations made in the pleadings.

But if it be said that the conclusion is too technical, we find ourselves unable to say that the error requires a reversal of the judgment for yet another reason. The plaintiff was permitted to read in evidence certified copies of the judgments relied upon. The first is as follows:

"1571.

"B. Blankenship & Co.
            vs.
"C. M. Clark et als.

"This the 28th day of January, 1898, came on to be heard the above entitled and numbered cause, and the plaintiffs and the defendant S. T. Dawson appeared by their respective attorneys, and the application of the defendant S. T. Dawson for a continuance of this cause as to him having been presented to the court, said application for a continuance as to the defendant Dawson is granted; and it further appearing to the court that the defendants C. M. Clark and Kelly Hogg, though duly cited to appear and answer in this behalf, have wholly made default, wherefore, plaintiffs ought to recover against said defendants Clark and Hogg their damages by occasion of the premises; and it appearing to the court that the cause of action is liquidated and proven by an instrument in writing; and further that the damages sustained by plaintiffs amount to the sum of one thousand and seven dollars and seventy-two cents ($1007.72). It is therefore ordered, adjudged and decreed by the court that the said plaintiffs, B. Blankenship & Company, a firm composed of B. Blankenship and M. G. Buchanan do have and recover of and from the defendants G. M. Clark and Kelly Hogg, the sum of one thousand and seven and 72/100 dollars with interest thereon at the rate of 10 per cent per annum from this date, together with all their costs in this behalf expended, for which they may have their execution."

The second is thus:

"1571.

"B. Blankenship & Co.
            vs.                        April 18, 1899.
"C. M. Clark et als.

"This day came on to be heard the above entitled cause, and the plaintiffs and the defendant S. T. Dawson appeared by their attorneys and thereupon it appearing to the court that plaintiffs no longer desired to prosecute their said suit against the defendant S. T. Dawson, but wished to dismiss as to him without prejudice to their rights: It is therefore ordered, adjudged and decreed by the court that suit as to defendant S. T. Dawson be and same is hereby dismissed without prejudice to the rights of plaintiffs, and that he go hence with his costs in this behalf expended against the plaintiffs, B. Blankenship & Co., a firm composed of B. Blankenship and M. G. Buchanan, and that said S. T. Dawson

has his right of execution against the said plaintiffs for all costs by him expended in this suit."

The judgment first set forth against C. M. Clark and Kelly Hogg, the vendor of appellee's land, is evidently not final because of its failure to dispose of the issues between the plaintiffs in the suit and the defendant S. T. Dawson, as to whom the cause was continued. The statutes (Revised Statutes, articles 1283 and 1337) provide for interlocutory judgments by default in certain cases, but specifically declare that there shall be but one final judgment given in the suit; and in Boles v. Linthicum, 48 Texas, 220, it was expressly held that a final judgment by default was unwarranted. A proper practice would have been, upon the dismissal of the suit as to Dawson, to have made the default judgment against Clark and Hogg final. Bateman Bros. v. Pool, 84 Texas, 405; Kingsland & Douglass Mfg. Co. .v. Mitchell, 36 S. W., 757. This was not done, however, and there was, therefore, no warrant for abstracting the judgment.

We conclude on the whole that no material error was committed in the trial below and the judgment must be affirmed.

*Affirmed.*