LINDSAY W. REMINGTON, *et al. vs.* WALTER H. BARNEY, Trustee, *et al.*

MAY 21, 1913.

PRESENT: Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

(*1*)  *Decrees Pro Confesso.  Appeal and Error.*
A decree *pro confesso* is not a final decree.
An appeal will not lie from a decree *pro confesso.*

BILL IN EQUITY. Heard on motion of complainant to dismiss an appeal from a decree *pro confesso.* Motion granted.

PARKHURST, J.   The bill is brought to require an accounting from the trustee of property left under a will, to the income whereof the defendant, Joseph F. Remington, is entitled during his life, with power also, at the discretion of the trustee in case of illness of said defendant, to make application for his benefit from the principal of the fund, even although such application may result in the exhaustion of the entire fund.  At the decease of said defendant, so much of the estate, if any, as remains, is to be divided equally among his lineal descendants.

The complainants are a portion of the children and lineal descendants of said defendant.  The bill is brought against the trustee, said defendant, and another child of said defendant.

The trustee answered the bill, and said defendant, Remington, demurred to it, setting up that it does not appear

that the complainants were entitled to the account prayed for, inasmuch as it did not appear that there would ever be any trust fund in which they would have any present ·or future interest, or that the complainants, or any of them, would ever have any interest in the fund or in the disposition which should have been made of it. The demurrer was ·overruled by the presiding justice, and a decree was entered fixing a date on or before which said defendant should make ·further answer to the bill.

Having no other ground of objection to the accounting, ·said defendant made no other or further answer, and decree was entered taking the bill as confessed against him. From this decree said defendant has appealed, alleging the following grounds of appeal:

FIRST. That said decree is against the law.

SECOND. That said decree is against the rights of this respondent as disclosed by the pleadings.

THIRD. That the court erred in dismissing the demurrer heretofore filed by this respondent, said overruling of said demurrer followed by the entry of the decree *pro confesso* being substantially, as regards this respondent, a final decree for an accounting, as he has no grounds upon which to base his objection to said accounting other than the legal questions disclosed in his demurrer.

FOURTH. That the court erred in overruling the demurrer of this respondent.

The complainants have moved to dismiss the appeal, and the case is now before the court upon the motion to dismiss.

The question raised upon this motion to dismiss the appeal is whether or not a decree *pro confesso* is an appealable decree.

Appeals in equity causes are expressly limited by Chap. ·289, Sec. 25 of the General Laws of 1909, to final decrees (except as to certain decrees granting injunctions, appointing receivers or ordering sale of property). The part of the above statute material to the question now being con-

sidered is as follows: "Any party aggrieved by a final decree of the Superior Court in any cause in equity may, within thirty days after the entry thereof," . . . "appeal to the Supreme Court." . . .

We are of the opinion that this appeal will not lie. It is from a decree taking the bill *pro confesso* for want of an answer. An appeal would not lie from a decree overruling a demurrer to the bill, and we do not see how the fact that this defendant's demurrer has been overruled and that he has failed to answer over, resulting in a decree *pro confesso* against him, in any way alters the situation or makes this decree final, under the statute. For all that we now know the bill may be dismissed by the Superior Court upon hearing of the bill and the answer of defendant Barney, Trustee, and of testimony offered in support thereof. See *Russell* v. *Lathrop*, 122 Mass. 300, 302 and 303.

A decree *pro confesso* is not in any sense a final decree; it merely says in effect that the defendant by failing to answer admits to be true the facts alleged in the bill. After stating the facts upon which it is based, the decree appealed from reads as follows: "It is hereby ordered, adjudged and decreed, that as to the respondents, Joseph F. Remington and Edgar T. Remington, the amended bill of complaint be taken as confessed." Referring to such an order, it is stated in Vol. 5, Ency. of Pleading & Practice, at pages 985 and 986, "The order is usually entered as of course, and is merely interlocutory." In *Russell* v. *Lathrop*, 122 Mass. 300 at 302, the court held that "An order that a bill be taken *pro confesso* is interlocutory and intended to prepare the case for a final decree."

The appeal is dismissed and the cause is remanded to the Superior Court for further proceedings.

*Boss and Barnefield, Louis W. Dunn,* for complainants.
*J. Jerome Hahn,* for respondent.