## MERCHANTS' PRODUCE CO. v. CULPEPPER et al. (No. 2055.)

(Court of Civil Appeals of Texas. Amarillo. Jan. 24, 1923.)

Appeal and error ⬅79(1)—Judgment appealed from should dispose of all parties; "final judgment."

In view of Rev. St. 1911, arts. 1937, 1997, 2078, where, in action against several defendants, judgment was rendered against one of them who failed to appear and the cause continued as to others to the next term, at which term judgment was rendered for the other defendants, but did not dispose of defendant against whom judgment was rendered at the former term, the judgment for defendants was not a final judgment from which an appeal could be taken.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Final Decree or Judgment.]

Appeal from District Court, Gray County; W. R. Ewing, Judge.

Action by the Merchants' Produce Company against T. J. Culpepper and others. From a judgment for defendant named and L. C. Culpepper, plaintiff appeals. Appeal dismissed.

I. E. Duncan, of Pampa, for appellant.
C. C. Cook, of Pampa, for appellees.

KLETT, J. The plaintiff, Merchants' Produce Company, sued defendants W. R. Isbell and T. J. and L. Culpepper, under the Bulk Sales Law of Texas, alleging that W. R. Isbell was a debtor, and that T. J. and L. Culpepper, as purchasers of merchandise and fixtures in bulk from said W. R. Isbell, had failed to comply with article 3971 of the statute. Plaintiff asked for judgment against defendant W. R. Isbell for the full amount of its principal debt and interest and against defendants T. J. and L. Culpepper as receivers of the said W. R. Isbell to an amount sufficient to satisfy plaintiff's debt and interest.

At the fall term of court the following order was made:

"This 3d day of November, A. D. 1921, came on to be heard the above styled and numbered cause, the defendants T. J. and L. Culpepper appearing by counsel and moving for continuance, and the defendant W. R. Isbell, although duly cited to appear and answer herein as required by law, came not and made default therein, and a jury being waived as to defendant W. R. Isbell, the matters in issue were presented to the court for adjudication, and after hearing the pleadings read and the evidence adduced in support thereof, the court is of the opinion that plaintiff ought to have and recover of the defendant W. R. Isbell the sum of $516.04.

"It is therefore ordered, adjudged, and decreed by the court that the plaintiff, Merchants' Produce Company, do have and recover of defendant W. R. Isbell the sum of $516.04, with 6 per cent. interest thereon from this date until paid, together with all costs of this suit, and that it have its execution, and it is further ordered that this cause against defendants T. J. Culpepper and L. Culpepper be continued to the next regular term of this court."

At the spring term of court the following order was entered:

"On this 4th day of March, 1922, came on to be heard the above styled and numbered cause, the plaintiff appearing by counsel and the de-

fendants T. J. Culpepper and L. Culpepper appearing in person and by counsel, and a jury being waived, all matters of law and of fact were submitted to the court for adjudication, and the court, after hearing the pleadings read and the evidence adduced in support thereof, is of the opinion that the law and facts are in all things with the defendants T. J. and L. Culpepper, and that plaintiff take nothing by its suit against said defendants.

"It is therefore ordered, adjudged, and decreed by the court that the plaintiff, Merchants' Produce Company, a corporation, take nothing by its suit against the defendants T. J. Culpepper and L. Culpepper, and that it pay all costs in this behalf expended, and that the defendants T. J. Culpepper and L. Culpepper go hence without day and recover their costs in this behalf incurred, and for all of which let execution issue.

"To which judgment of the court the plaintiffs then and there excepted in open court and gave notice of appeal to the Court of Civil Appeals for the Seventh Supreme Judicial District of Texas, at Amarillo, Potter county, Tex."

We are of the opinion that this court has no jurisdiction of the appeal for the reason that the judgment excepted to and appealed from is not final. It fails to dispose of the defendant W. R. Isbell. The judgment rendered against him at the first term of court, and continuing the cause as to the other defendants, was only interlocutory. The judgment appealed from should have disposed of all parties. Articles 1937, 1997, 2078, R. C. S.; Blankenship & Buchanan v. Herring, 62 Tex. Civ. App. 298, 132 S. W. 882; Boles v. Linthicum, 48 Tex. 220; Wootters v. Kauffman, 67 Tex. 488, 3 S. W. 465; Martin v. Crow, 28 Tex. 614; Russell v. Lathrop, 122 Mass. 300; Black on Judgments, vol. 1, §§ 20–23; Freeman on Judgments, vol. 1, § 33; Standard Enc. of Proc. vol. 14, pp. 986 and 1015.

The appeal is dismissed, at appellant's costs.