TRAWEEK v. SIMMONS et ux.
No. 9974.

Court of Civil Appeals of Texas. Galveston.
May 18, 1934.

Weslow, Beadle & Mooney, of Houston, for appellant.

Vinson Elkins, Sweeton & Weems, of Houston (G. E. B. Peddy and W. S. Elkins, both of Houston, of counsel), for appellees.

PLEASANTS, Chief Justice.

The following sufficient statement of the nature and result of the suit is copied from appellant's brief:

"This was a suit brought by Eric S. Simmons and wife against M. B. Traweek and wife from whom, in September, 1931, they had purchased for a consideration exceeding the sum of $1,000.00, a certain lot in the City of Houston, the allegations in their petition being that shortly after they entered into possession of the lot and commenced constructing improvements thereon, they were notified that one Lind Sprague was adversely claiming the title to said lot, claiming under a sheriff's deed executed pursuant to sale under an execution out of the District Court of Tarrant County, Texas, against one R. L. Sapp under a judgment rendered in said court against the said Sapp, an abstract of which judgment appeared to have been filed in Harris County, Texas, prior to the time the title to the real property in question had become vested in the said R. L. Sapp, under whom M. B. Traweek, the defendant in this suit and plaintiffs' grantor, claimed title.

"Plaintiffs alleged further that immediately upon receiving such notice, they had in turn notified their grantor, Traweek, who had refused to take any steps to clear off this encumbrance or buy in the outstanding title, and that they had accordingly dealt directly with the adverse claimant, Lind Sprague, and for a quit-claim deed from her had paid and obligated themselves to pay $1,000.00, for which sum, with interest, this suit was brought against Traweek on his warranty."

The defendant, M. B. Traweek, answered by a general demurrer, a number of special exceptions, the nature of which need not be here stated, and a general denial.

The case was tried before the court without a jury, and at the conclusion of the trial judgment was rendered in favor of the plaintiffs against M. B. Traweek for the full amount sued for, no recovery being allowed against Zoie Traweek, wife of M. B. Traweek, who was also sued, she having properly pleaded and proven her coverture in bar of any recovery against her.

The following facts are shown by the record:

In support of their claim that Lind Sprague, to whom they paid the $1,000 which they seek to recover from appellant on his warranty of title, had the superior title to the land, appellees introduced in evidence an abstract of judgment rendered in the case of Lind Greathouse v. R. L. Sapp, and recorded in the judgment abstract records of Harris county, where the land is situated. The abstract record gives the names of the plaintiffs as "Lind Greathouse and E. L. Sprague." The abstract certificate, which was put in evidence by plaintiffs, gives the names of the plaintiffs in the judgment as "Lind Greathouse and E. L. Sprague and wife, Lind Sprague, Substitutes."

Plaintiffs also put in evidence a copy of the final judgment in the cause, which shows that the suit was originally brought by Lind Greathouse as plaintiff, and that, subsequent to the filing of the suit, the plaintiff, Lind Greathouse, had married E. L. Sprague, and that on motion E. L. Sprague was permitted to join as party plaintiff, and he and his wife thereafter prosecuted the suit as plaintiffs. The judgment in the suit was in favor of "E. L. Sprague and wife, Lind Sprague."

After the recording of this abstract of judgment, the land was sold under execution issued upon the judgment, and conveyed by the sheriff to Lind Sprague on September 1, 1931.

The abstract of judgment offered in evidence by appellees and recorded in the abstract records was not certified by the district clerk as required by the statute, in that the official seal of the clerk was not placed on the certificate.

J. L. Hull conveyed the land to appellant on June 13, 1930, and appellant and wife conveyed it to appellees by warranty deed on September 19, 1931.

Appellees introduced in evidence a deed from Hull to Sapp, dated October 28, 1929, and a quitclaim deed from Sapp reconveying the property to Hull, dated June 13, 1930.

The appellant's first proposition assails the ruling of the court in holding that the abstract certificate, which shows that the plaintiffs in the judgment were Lind Greathouse and E. L. Sprague and wife, Lind Sprague, substitutes, was sufficient to charge appellant with notice that the judgment described in the abstract record was one in favor of E. L. and Lind Sprague.

The judgment was against R. L. Sapp, under whom defendants deraigned title and who purchased the land after the abstract was recorded. Along with the abstract plaintiffs also put in evidence a certified copy of the judgment referred to in the abstract, which shows that Lind Greathouse, who filed the original petition in the suit, thereafter married E. L. Sprague, who became a party plaintiff in the suit which was thereafter prosecuted to judgment in favor of E. L. Sprague and wife, Lind Sprague. Plaintiffs also put in evidence a deed from J. L. Hull, dated October 28, 1928, conveying the land to R. L. Sapp, and a deed from R. L. Sapp, dated June 13, 1930, reconveying the land to Hull. This latter deed contains this recital: "This quit claim deed is intended to divest any right, claim or interest in said land out of me which might appear of record because of a deed from John Hull to R. L. Sapp, dated October 28,

1929, on the afore described property, said deed having been executed in error—I never having required any interest in said property."

The abstract of judgment was recorded in the judgment abstract records of Harris county on July 31, 1928, and the land was sold by the sheriff of Harris county under alias execution issued from the district court of Tarrant county that rendered the judgment. This public sale was had on September 1, 1931. Lind Sprague, being the highest bidder, became the purchaser, and the land was conveyed to her by deed of the sheriff, executed on September 1, 1931.

We cannot agree with the trial judge that this abstract record was sufficient to charge appellant with notice at the time he purchased the land from J. L. Hull on June 30, 1930, that Mrs. Sprague had fixed a judgment lien on the land to secure a judgment in her favor against R. L. Sapp, under which the land was subsequently sold and conveyed to Mrs. Sprague by the sheriff of Harris county.

The proceedings by which a judgment lien can be fixed are statutory, and no involuntary lien upon land can be fixed unless the statute is so complied with as to charge a subsequent purchaser of the land with notice of the lien, or with notice of facts which if followed by a reasonably prudent person with reasonable diligence would disclose the true facts.

We do not think this abstract record meets this test. Blankenship & Buchanan v. Herring, 62 Tex. Civ. App. 298, 132 S. W. 882; Schneider v. Dorsey (Tex. Civ. App.) 72 S. W. 1029; Anthony v. Taylor, 68 Tex. 403, 4 S. W. 531.

Appellant also by appropriate assignment and proposition complains of the judgment on the ground that, the abstract of the judgment by the district clerk of Tarrant county not having been certified under the official seal of the clerk was not entitled to registration, and the record of such abstract not being authorized by the statute, such abstract could not fix a lien upon the land.

We think this proposition should be sustained. Revised Statutes (1925) arts. 5447 and 5448; Anthony v. Taylor, 68 Tex. 403, 4 S. W. 531; Atteridge v. Maxey, 18 Tex. Civ. App. 550, 45 S. W. 606; McKellar v. Peck, 39 Tex. 382; Merriman v. Blalack, 56 Tex. Civ. App. 594, 121 S. W. 552, 559.

These conclusions render a discussion of the remaining assignments unnecessary, and require that the judgment be reversed and judg-

ment here rendered in favor of appellant, and it has been so ordered.

Reversed and rendered.