## CONE v. ROBERTS et al.

### No. 4644.

Court of Civil Appeals of Texas. Beaumont.

Oct. 5, 1950.

James M. Crane, Conroe, for appellant.

Geo. B. Darden, Arnold Smith, Conroe, for appellees.

COE, Chief Justice.

This is an appeal from an order of the court refusing to vacate and set aside a judgment entered in this cause on May 16, 1949, and grant a new trial.

Upon an inspection of the record, it is found that the judgment complained of by appellants, George Ann Cone Owens, formerly George Ann Cone, and husband, S. B. (Bass) Owens, was entered in a trespass to try title suit which had theretofore been filed by them in the District Court of Montgomery County, Texas, seeking to recover the title to and possession of certain lands specifically described in their petition. Appellee answered with a formal answer and filed a cross-action against appellants and various other parties, seeking to recover title to and possession of a tract of land specifically described in his cross-action. Several appearances were made in this cause by the appellants after the filing of this cross-action. On May 16, 1949, the date this cause was set for trial, and of which setting the appellants had notice, they failed to appear, whereupon, at appellee's request, the court entered judgment in favor of appellee as against appellants, awarding to appellee the land sued for in his cross-action, which judgment contains the following provision with reference to the other defendants named in appellee's cross-action: "That the following defendants; Annie Needham, B. L. Needham, Lou Needham LaFon, B. L. LaFon, Julius Kidd, John S. Espinosa, James Sterling Franklin, Ross Franklin, Vivian Needham Stagg and Charlie Stagg failed to appear in person before the court and T. L. (Sam) Roberts, defendant and cross-plaintiff, announced to this court that he would not at this time pursue his cross-action against said named cross-defendants and that said cause of action against them would be held in abeyance and would be tried at a later date." This procedure was in accordance with Rule No. 240, Vernon's Texas Rules of Civil Procedure, which provides: "Where there are several defendants, some of whom have answered or have not been duly served and some of whom have been duly served and have made default, an interlocutory judgment by default may be entered against those who have made default, and the cause may proceed or be postponed as to the others." Rule No. 301 of Texas Rules of Civil Procedure, among other things, provides: "only one final judgment shall be rendered in any cause except where it is otherwise specially provided by law." It thus appears that the judgment complained of by the appellants, and from which they seek relief, is an interlocutory judgment and not a final judgment, and there being no statute or rule authorizing

354

an appeal from such interlocutory judgment it follows that no appeal will lie. Merchants Produce Co. v. Culpepper et al., Tex.Civ.App., 247 S.W. 651. See, also, Vol. 3a, Sec. 88, Texas Jurisprudence, and cases there cited.

The judgment from which appellants seek relief being an interlocutory judgment and not appealable, it follows that this court has no jurisdiction of an appeal from an order of the trial court refusing to set such judgment aside and grant a new trial. Otherwise, appellants would be permitted to effectively appeal from a non-appealable judgment. Having so concluded, it follows that we are of the opinion that this court has no jurisdiction of this appeal and the same is dismissed at appellants' cost.