### GEORGE PFEUFFER & CO. v. FRED WERNER.

#### Decided November 27, 1901.

**Judgment Lien—Issuance of Execution.**

Where executions issued within twelve months after the rendition of a judgment, an abstract of which had been duly recorded and indexed, this was sufficient, under the terms of the statute, to fix the lien of the judgment, although the executions were, on partial payments being made thereon, returned by order of the judgment creditor. Rev. Stats., art. 3290.

Appeal from Webb. Tried below before Hon. A. L. McLane.

*A. Winslow,* for appellants.

*Nicholson & Mullaly,* for appellee.

JAMES, CHIEF JUSTICE.—Fred Werner brought this suit, alleging certain notes and deeds of trust given to him by defendant Juan V. Benevides, and asking judgment and foreclosure of lien. Appellants were joined on averment that they claimed a judgment lien upon the property, which, if there ever existed such lien, had long since lapsed because no diligence was ever exercised to collect the debt by execution. Other persons were made defendants as claiming liens. Judgment was rendered for plaintiff's debt, with foreclosure, and decreeing also that plaintiff's liens were superior to those of defendants. George Pfeuffer & Co. alone appealed.

The testimony is: Appellants obtained judgment against Benevides in the District Court of Webb County on October 9, 1895, for $318.54, and costs. On December 20, 1895, an execution issued on said judgment to the sheriff of Webb County, and on same day an abstract of said judgment was filed with the county clerk of same county, who, on De-

cember 21st, duly recorded and indexed same. A few days afterwards
Benevides made a small payment on the judgment, and at his request
further time was given him, and the execution returned unexecuted at
appellants' direction. On April 8, 1896, an alias execution issued to
same sheriff, and Benevides made another small payment, and this exe-
cution also was at appellants' request not executed. Thereafter Bene-
vides continued to make small payments at intervals up to October 22,
1900, reducing the judgment to $98, with interest from that date at 10
per cent per annum.

Benevides owned an undivided fourth of all the property mentioned
in the petition, at the time said judgment was obtained, and when the
several executions were issued, and the said interest was at all times
subject to execution, and worth several times the amount of the judg-
ment. On March 31, 1897, Benevides executed one of the mortgages
to Werner sued on, and on November 20, 1897, Benevides and wife
executed the other mortgage to Werner. Benevides is insolvent.

The question is, whether or not George Pfeuffer & Co.'s judgment was
a lien superior to that of appellee's. The latter's contention is, that
owing to appellants' conduct in respect to the execution no lien was ever
created. This is based upon a rule which obtains in cases of execution
liens, which is that such lien may be lost, as to third parties, if reason-
able diligence is not used to enforce it. Freem. on Ex., sec. 206. The
lien in question is not an execution lien, but a judgment lien, and its
existence or nonexistence depends on the requirements of the statute and
compliance therewith. Our present statute gives such lien upon all real
estate of defendant in the county, and which he may thereafter acquire
in the county, when the abstract of the judgment has been recorded and
indexed in the county, and it is declared such lien shall continue for
ten years from the date of such record and index, unless plaintiff shall
fail to have execution issued upon his judgment within twelve months
after rendition thereof, in which case said lien shall cease to exist. Rev.
Stats., art. 3290.

Under previous statutes, which did not declare how long a judgment
lien should continue, it was held that the lien would be lost whenever
proper diligence was not exercised to collect the judgment by execution.
These decisions are cited in Adams v. Crosby, 84 Texas, 101. The
present statute, however, in terms fixes the duration of such liens, and
we do not percieve the applicability of those decisions.

The lien, when it once attaches, exists for ten years from the date of
the record and index. The only question then is, was a lien ever created
by appellants' judgment? The abstract of the judgment, it is conceded,
was duly recorded and indexed. The question reduces itself to the is-
suance of execution within the year. Appellee's view is that when an
execution is sued out without intention to enforce it by levy and sale,
or by ordering it returned without levy, the creditor has failed to have
execution issued within the meaning of the statute. If we deal simply

with the facts before us, it does not appear that appellants sued out the executions without any purpose of enforcing them. On the contrary they appear to have been issued to compel payment, and returned only upon partial satisfaction in each instance. Two of them were issued during the year. The only reasonable conclusion from the evidence is, that if payments had not been made, levies would have followed.

It is our opinion that as the statute only requires execution to be issued, the fact of its issuance determines the question of lien, where the abstract is recorded and indexed, as was the case when the second execution was issued; and this regardless of whether or not plaintiff ordered the writ returned unexecuted. What course he afterwards saw fit to take respecting the enforcement of the writs would have no effect on the lien created by its issuance.

We think that by the issuance of execution within twelve months after the rendition of judgment, the Legislature intended the same in this statute (article 3290) as it does in article 3361 relating to the revival of judgments. In the latter case it has been expressly held that executions were sufficient for its purposes, although returned without a levy by order of plaintiff. Riddle v. Bush, 27 Texas, 678.

The decree, in so far as it decrees priority of lien to appellee, will be reversed, and judgment here rendered in favor of appellants.

*Reversed and rendered as to lien.*

Writ of error refused.