**FIKES v. BUCKHOLTS STATE BANK et al.**
**(No. 6853.)**

(Court of Civil Appeals of Texas. Austin.
May 6, 1925. Rehearing Denied
May 29, 1925.)

1. **Judgment ⬷⟶768(1)—Abstract of judgment lien held to show court which rendered it.**

Abstract of judgment lien, headed "State of Texas, County of Milam," reciting that it was certified by clerk of district court of Milam county, that judgment was rendered by district court of Twentieth judicial district, and concluding by reciting that it was given under clerk's hand and seal of office at Cameron, and signed by clerk in his official capacity as clerk of district court of Milam county, Tex., and sealed with his official seal, *held* conclusively to show that judgment was rendered by district court of Milam county, and sufficient under Rev. St. arts. 5611, 5612.

2. **Judgment ⬷⟶780(1)—Partition ⬷⟶8—Partition agreement held to convey equitable interest to decedent's son, and judgment against son attached thereto.**

Partition deed to settle rights of surviving husband and children in realty of deceased wife, conveying property described as being bounded on tract "allotted" to deceased's son, *held* to convey at least equitable if not legal title to such son, notwithstanding son had previously by quitclaim deed conveyed his interest in tract embracing tract involved to brothers and sisters, where such conveyance was disregarded by all parties; and lien of judgment against son attached thereto.

3. **Estoppel ⬷⟶45—Husband joining in covenant of warranty in partition deed involving wife's separate property held estopped from asserting subsequently acquired title.**

Husband who joined in covenant of warranty in partition deed involving wife's separate property was bound thereby, and was estopped from asserting any title afterwards acquired by purchase at execution sale on judgment against executrix of wife's father.

4. **Judgment ⬷⟶801 — Abstract of judgment lien is properly foreclosed by sale under execution.**

Abstract of judgment lien is properly foreclosed by sale of property under execution on judgment, and such sale not only divests title of judgment debtor, but also that of all purchasers from him, subsequent to time lien was fixed.

Appeal from District Court, Milam County; Prentice Oltorf, Judge.

Suit by the Buckholts State Bank against J. D. Fikes and another. Judgment for plaintiff, and named defendant appeals. Affirmed.

Chambers, Wallace & Gillis, of Cameron, for appellant.

W. A. Morrison, of Cameron, for appellees.

McCLENDON, C. J. This was a suit by the appellee Buckholts State Bank, against its coappellee, A. J. Slone, and appellant J. D. Fikes, in trespass to try title to recover a 63⅞-acre tract of land in Milam county; and in the alternative to foreclose an abstract of judgment lien in favor of the bank against appellee Slone. The suit was tried to the court and resulted in a judgment in favor of the bank for the land in question. Fikes has appealed from this judgment, naming the bank and Slone as appellees in his appeal bond. The controversy, however, is solely between the bank and Fikes.

[1] The title of the bank is based solely upon an execution sale foreclosing an abstract of judgment lien under a judgment in its favor against A. J. Slone. Appellant attacks the validity of this lien on the ground that the abstract does not show the court in which the judgment was rendered. In all other respects the abstract of judgment and its proper recording and indexing are conceded to be sufficient to fix a lien upon the property of A. J. Slone. This judgment was recovered in the district court of Milam county, Twentieth judicial district, on May 22, 1914, at which time the Twentieth judicial district was composed of Milam and two other counties. The abstract, in so far as it involves the question urged against it, reads as follows:

"The State of Texas, County of Milam.

"I, Sam Wilson, Jr., clerk of the district court of Milam county, Texas, do hereby certify that in the district court of the Twentieth judicial district of Texas, in a certain suit pending in said court, * * * the Buckholts State Bank, a corporation, recovered judgment against * * * A. J. Slone. * * * Said judgment is of record in Volume H, pages 119 to 123, records of said court. * * *

"Given under my hand and seal of office at Cameron, this 5th day of June, 1914. Sam Wilson, Jr., Clerk District Court of Milam County, Texas. [Seal.]"

Appellee's contention is that since there were three counties in the Twentieth judicial district at the time, and since the abstract states that the judgment was rendered "in the district court of the Twentieth judicial district of Texas," the judgment is not sufficiently described as being a judgment of the district court of Milam county, because a judgment of the district court of either of the other counties in the Twentieth judicial district would as nearly fit the description given in the abstract as the judgment in question. There is no merit in this contention, and it is overruled. R. S. art. 5611, makes it the duty of the clerk of a court to make out and deliver, upon application and payment of the proper fee, "an abstract of such judgment, and certify thereto under his hand and official seal."

Article 5612 prescribes the requisites for

such abstract as follows: Names of plaintiff and defendant, number of the suit, date, amount and rate of interest of judgment, and the amount still due thereon. It will be observed that in these enumerated requisites, the court in which the judgment is rendered is not specified. It may be conceded that it ought to appear from the face of the abstract in what court the judgment was rendered, but we think that this conclusively appears from the abstract in question. It is headed, "State of Texas, County of Milam," and begins by the recitation that the party certifying is the clerk of the district court of Milam county. It recites that the judgment was rendered by the district court of the Twentieth judicial district; and that said judgment is of record, giving the volume and page of the records of said court. It concludes by reciting that it is given under the clerk's hand and seal of office at Cameron, and is signed by the clerk in his official capacity as clerk of the district court of Milam county, Tex., and sealed with his official seal. No one but the clerk of the district court of Milam county would have authority to certify to an abstract of a judgment rendered by the district court of that county; and the clerk of the district court of that county would not have authority to certify to a judgment of the district court of any other county, whether in the Twentieth judicial district or not. We think it conclusively appears from the abstract that the judgment referred to was rendered by the district court of Milam county.

The undisputed facts in the case, as shown by the court's findings and the statement of facts, follow:

W. H. Slone and wife, Elizabeth Slone, were married in 1876, and lived together as man and wife until the death of Elizabeth, in April, 1911. During their marriage they acquired a tract of 1,100 acres of land, of which the land in question is a part. This was community property of the spouses. Fifty-three and three-eighths acres of this land, however, appears to have been previously conveyed by them, and in November, 1911, this tract was conveyed to W. H. Slone; and the trial court found that it was his separate property. The remaining 10 acres in controversy was community property. Elizabeth Slone died intestate, and her interest in the community realty passed, one-half to her surviving husband and the other one-half in equal shares to the four children of herself and W. H. Slone, namely, appellee, A. J. Slone, Myrtle Fikes, wife of appellant Fikes, Mrs. A. L. Ray, and J. R. Slone. As stated above, the bank recovered its judgment against A. J. Slone in May, 1914, which was abstracted and the abstract recorded and indexed in June of that year. On January 16, 1915, A. J. Slone executed a quitclaim deed, conveying to his brother and two sisiters "about 200 acres of land out of the J. A. De Pena survey lying about four miles north of the town of Buckholts, in the county of Milam, state of Texas, and known and designated as the W. H. Slone homestead." The consideration recited in this deed is various sums for personal use and expenses advanced by his mother, Elizabeth Slone, at various times during her life, and amounting to $10,000 in excess of any sums that she ever gave to either of her other "heirs," and for the purpose of doing justice and equity among his brother and sisters, who constituted the only other heirs of his mother. On the same day W. H. Slone conveyed to his daughter, Mrs. Ray, his interest in the community lands and in the 53-acre tract; and on January 29, 1917, Mrs. Ray reconveyed this property to her father. The purpose of these two deeds is not shown by the record, and we can see no bearing they might have on the controversy.

Some time prior to June 28, 1917, W. H. Slone married again, and on that date a partition deed was executed, joined in by W. H. Slone and wife, Lonie Slone, Mrs. Ray and husband, Mrs. Fikes and husband, J. R. Slone and A. J. Slone. This agreement recites that—

It is "for and in consideration of the terms, conditions and benefits derived by each of the respective parties to this contract, and for the purpose of settling and adjusting all rights and equities which the respective parties hereto may have and be entitled to out of the estate of Mrs. S. E. Slone, deceased, by virtue of being the children and heirs at law of Mrs. S. E. Slone, deceased, wife of W. H. Slone."

The instrument conveys a 100-acre tract to Mrs. Lonie Slone, which is described by metes and bounds, the S. E. corner of which is described as "same being the S. W. corner of a tract of 63⅜ acres allotted to A. J. Slone in the subdivision of the estate of W. H. Slone; thence N. 19 E. with the west line of said 63⅜-acre tract."

To Mrs. A. L. Ray is conveyed a 63⅜-acre tract immediately north of the 100-acre tract, the call for the S. E. corner of which is described as the "N. E. corner of said 100-acre tract, in the west line of a tract of 63⅜ acres allotted to A. J. Slone in said subdivision."

To J. R. Slone is conveyed a 63⅜-acre tract immediately north of Mrs. Ray's tract, the S. E. corner of which is described as "in the west line of the tract of 63⅜ acres allotted to A. J. Slone, in said subdivision; thence N. 19 E. 526.3 ft. to the N. W. corner of said A. J. Slone tract."

To Mrs. Fikes is conveyed two tracts, one of 23⅜ acres and the other of 40 acres. The 23⅜ acres lies immediately east of the J. R. Slone tract, and the south line is described as running from its S. W. corner "thence S. 71 E. at 452¾ ft. pass * * * the N. W. of a tract of 63⅜ acres allotted to A. J. Slone in said subdivision." The field notes

to the 40-acre tract have no bearing upon the case.

The deed further provides that W. H. Slone is to have a life estate in all the lands "above described," and recites that whereas there are incumbrances upon the tracts conveyed to Mrs. Fikes which W. H. Slone agreed to discharge during his life, and the tracts conveyed to J. R. Slone and Mrs. Ray were unincumbered, it is agreed that in the event W. H. Slone should fail to satisfy such incumbrance, then J. R. Slone and Mrs. Ray and her husband agree to pay each one-fourth of such incumbrance. The title to each of the tracts of land so conveyed is warranted in the grantee by all the other parties to the instrument.

W. H. Slone died in October, 1919, leaving a will in which he bequeathed all his personal property to his wife, Lonie Slone, and made her independent executrix of his will without bond or action of the probate court. The will does not mention any other property, or make any disposition thereof. Mrs. Lonie Slone qualified as independent executrix under this will.

On May 1, 1921, Dr. Edward Rischar recovered a judgment in the justice court, precinct No. 1 of Milam county, against Mrs. Lonie Slone as independent executrix of the estate of W. H. Slone for $157.70. This judgment was abstracted and the abstract recorded and indexed in Milam county, on June 7, 1920. On the following day a general warranty deed was executed by Mrs. Lonie Slone and her then husband, Sam Slone, J. R. Slone, Mrs. A. L. Ray and husband, and Mrs. Fikes and appellant, conveying to A. J. Slone the 63⅜ acres of land in question. This deed describes the partition deed of June 28, 1917, and recites:

"Whereas said above-mentioned deed was executed by the said W. H. Slone, Mrs. A. L. Ray, J. R. Slone, A. J. Slone and Mrs. Myrtle Fikes in pursuance and compliance with an agreed settlement and adjustment of their respective interests in the estate of Mrs. S. E. Slone, deceased, first wife of the said W. H. Slone, and mother of the said Mrs. A. L. Ray, J. R. Slone, A. J. Slone and Mrs. Myrtle Fikes.

"And whereas at the time of the execution of said deed above mentioned it was contemplated that the parties to said deed other than the said A. J. Slone would as a part of the consideration for the execution of said deed and in settlement and adjustment of the said interest of said parties last above mentioned in the estate of the said Mrs. S. E. Slone, deceased, execute to A. J. Slone a warranty deed conveying to him the 63⅜ acres of land hereinafter described, and whereas, in the agreed settlement and adjustment of the respective interest of said parties in the estate of the said Mrs. S. E. Slone, deceased, the said tract of land hereinafter described was set apart to and recognized as the property of the said A. J. Slone."

It further recites that whereas in said agreed settlement and adjustment, and as a part of the consideration for the partition deed, J. R. Slone promised and contracted to assume $1,187.50 of an incumbrance of $2,750 on the A. J. Slone tract, and Mrs. Ray assumed $375 of such incumbrance, which the said Mrs. Ray is stated to have paid, J. R. Slone and wife recognize the obligation to pay the $1,187.50 of such incumbrance, and in discharge of it J. R. Slone is recited to have executed his promissory note for that amount to A. J. Slone, which is recognized as being secured by a vendor's lien upon the tract conveyed to J. R. Slone in the partition agreement of June 28, 1917. The instrument further provides that in view of the execution of said $1,187.50 vendor's lien note and the previous payment by Mrs. Ray of $375.00, A. J. Slone contracts and assumes to pay the entire $2,750 incumbrance upon the tract conveyed to him in said deed. This deed was filed for record on June 9, 1920. On June 26, 1920, A. J. Slone conveyed the land in question by general warranty deed to appellant Fikes for the recited consideration of $10 paid.

On July 6, 1920, the land in question was sold at execution sale under the Dr. Rischar judgment against Mrs. Lonie Slone, independent executrix, and bought in by the appellant Fikes for $160, and sheriff's deed was executed to him on the same day.

On July 26, 1920, A. J. Slone conveyed the land in question to appellant for a recited consideration of $10 paid.

In April, 1923, the land in question was bought in by the bank at execution sale under its judgment against A. J. Slone.

The defendants introduced A. J. Slone as a witness, who testified that his mother and father had made advances to him out of their community estate of $10,000 at least, and after his mother's death he executed to his brother and sisters the deed of January 16, 1915, covering his interest in his mother's estate. He also testified that while he joined in the partition deed of June 28, 1917, he did so because his father asked him to, and he received therefor no consideration at all.

The trial court in his conclusions of law held: First, that A. J. Slone acquired an equitable interest in the land in question by the partition deed of June 28, 1917, to which the bank's abstract of judgment attached; and, second, if mistaken in this, that appellant Fikes was bound by his warranty in the deed of June 8, 1920, to A. J. Slone, and was estopped from asserting any title thereafter acquired by him under the Dr. Rischar judgment.

The contentions of appellant are, in substance:

First, that no title, legal or equitable, passed to A. J. Slone by the partition deed of June 28, 1917, and title to the land in question passed at the death of W. H. Slone to his heirs at law, subject to his debts, and

thereafter vested in appellant by reason of the abstracting of the Rischar judgment and sale thereunder.

Second, that appellant was not estopped by his deed to A. J. Slone of June 8, 1920, or by his warranty therein to assert his after-acquired title under the Rischar judgment, because the deed shows on its face that he was merely a formal party, having joined therein for the purpose of conveying his wife's interest in the land, and further because the deed shows on its face to have been nothing more than a partition deed of lands in which appellant had no interest; and

Third, that since A. J. Slone had conveyed all his title in the property in question to appellant prior to the sale under the bank's judgment, the bank's abstract of judgment lien could not be foreclosed by sale under execution so as to affect the title of appellant, but in order to bind appellant the lien must be foreclosed in a plenary suit for that purpose, to which he was a party. In this connection it is contended that judgment should in no event be in favor of the bank for the land, but for foreclosure of its abstract of judgment lien.

We think the trial court has correctly announced the law of the case, and that its judgment should be sustained upon both theories stated.

[2] The partition agreement of June 28, 1917, clearly evidences a setting aside to A. J. Slone of the 63⅝-acre tract in question as his share in the partition. Whether the language of the instrument was sufficient to vest the legal title to the property in him is immaterial, it recognized that he was the owner of the tract, and his equitable, if not in fact legal, title thereto, and under our practice would support an action in trespass to try title.

In so far as the ten acres was concerned, a verbal partition, setting it aside to A. J. Slone, would have been upheld. It is true that he had theretofore conveyed his interest in a 200-acre tract to his brother and two sisters, which, for our present purposes, may be conceded to embrace all the community lands involved in the partition. This conveyance, however, was disregarded by all the parties concerned, and the circumstances under which it was executed amply warrant the conclusion that it was a nullity. The consideration recited was advances to him by his mother out of the community estate. The existence in fact of such consideration is evidenced alone by the recital in the deed and his own uncorroborated testimony. At the time the deed was executed, he was indebted to the bank upon a judgment, an abstract of which was of record in the county. The lien of this judgment had already attached to his interest in the community realty. If, as he testified, he received no consideration and parted with nothing by the partition deed of 1917, the recitals therein that the 63⅝ acres

in question were allotted to him were false, and there was no basis whatever for the deed to him of June 8, 1920, and the recited consideration as well as every other recital therein was false. This latter deed was executed by all the grantees in his deed to the 200 acres, and was joined in by appellant, himself, who thereby made the declarations therein his own. It could hardly be urged with any seriousness that the trial court was not amply warranted in placing the same construction upon the partition deed of 1917, which appellant and all other parties to that deed had solemnly placed upon it in the deed of June 8, 1920, and in disregarding the deed of January 16, 1915, to the 200 acres and the testimony of A. J. Slone in regard to the partition deed of 1917. This conclusion is independent of any question of estoppel.

[3] But clearly we think appellant was likewise precluded upon the principles of estoppel, to assert title under the Rischar judgment, by the recitals and warranty in the deed to A. J. Slone of June 8, 1920. The contentions of appellant are that estoppel does not apply for two reasons: First, because he was merely a formal party to the deed; and, second, because it was merely a partition deed in which he had no real interest, and for which there was no consideration.

Neither of these contentions, we think, is sound.

While he had no title to the property involved, it being the separate property of his wife, he was a necessary party to the conveyance, since his wife's title could not be divested without his joinder. He was also interested in the consideration for the conveyance, in that the revenues from the property his wife acquired or was allotted in the partition were community property, and the law placed the management of her separate property in him. It seems well settled in this state that where the husband joins in a covenant of warranty in a conveyance of his wife's estate, he is personally bound thereon. Chaison v. Beauchamp, 12 Tex. Civ. App. 109, 34 S. W. 303 (writ of error denied); Blum v. Johnson, 28 Tex. Civ. App. 10, 66 S. W. 461.

Nor do we think there is merit in the contention that appellant is not bound on his covenant of warranty because the deed in which it was contained was a partition deed. James v. Adams, 64 Tex. 193. In that case, after pointing out that the common-law distinctions between joint tenants, tenants in common, and coparceners have been abolished in this state by statute, the court say:

"Therefore, in the partition of land between owners in common in this state, whether by decree of court or the voluntary act of the parties, ordinarily a covenant of general warranty of title to the respective allotments will be implied. Ross v. Armstrong, 25 Tex. Supp. 370; Patterson v. Lanning, 10 Watts, 136; Smith v. Swearingen, 26 Mo. 551; Venable v. Beauchamp, 3 Dana, 321."

Here there was an express covenant of general warranty by appellant; and it follows, on sound principle and under the authorities above cited, that he was bound thereby. The cases of Davis v. Agnew, 67 Tex. 206, 2 S. W. 43, 376, and Chace v. Gregg, 88 Tex. 552, 32 S. W. 520, cited by appellant, are not in point. In the former it was held that since there can be no partition between an owner and one having no interest, and neither party loses or acquires anything thereby, the basis of the partition being co-ownership, such deed was a nullity and the owner was not estopped by his warranty. In the latter it was held that where an heir took, not by inheritance, but directly under will of his grandfather, he was not bound by the warranty of his decedent (father) unless it was shown that he inherited property from him.

In Parker v. Campbell, 21 Tex. 763, the court say:

"There is no better settled doctrine than that, where a party has solemnly admitted a fact by deed and under his hand and seal, he is estopped, not only from denying the deed itself, but every fact which it recites."

The recitals in the deed of June 8, 1920, show in detail the terms of the partition agreement of 1917. By those recitals the land in question was in fact allotted to A. J. Slone in the partition, and he was entitled to a conveyance of it from all the other parties to the partition deed. If these recitals are true, then the W. H. Slone estate had no title to the property whatever, and nothing was acquired through the sale under the Rischar judgment.

In addition, it must be remembered that the deed of June 8, 1920, is a link in appellant's chain of title; and unquestionably a necessary link therein as regards, at least, the 10 acres which were the community property of W. H. and Elizabeth Slone. To hold that he was not bound by the recitals solemnly made by him in that deed would, in effect, be to permit him to repudiate a title which he is asking the court to recognize and enforce.

[4] The third contention of appellant is not sound. The general rule is that an abstract of judgment lien is properly foreclosed by sale of the property affected by the lien under execution upon the judgment. Such sale not only divests the title of the defendant in judgment, but also that of all purchasers from him subsequent to the time the lien was fixed. In some states this is the only remedy available; and a bill in equity to foreclose the lien will not be entertained. See 34 C. J. p. 634, § 975, and 23 C. J. p. 334, § 64. In this state both remedies are recognized. Ives v. Culton (Tex. Civ. App.) 197 S. W. 619; S. C. (Tex. Com. App.) 229 S. W. 321.

The cases of Jackson v. Butler, 47 Tex. 423, and Spring v. Eisenach, 51 Tex. 432, cited by appellant, are not pertinent. In the former the judgment debtor had died, and it was held that since he had sold the land, the judgment lien could not be enforced in the probate court, and that execution could not issue on the judgment after his death. In the latter it was held that where the judgment debtor had sold the land, the lien could not be foreclosed as against his vendee in a bankruptcy proceeding without making such vendee a party. These decisions rest upon well-established legal principles, but they have no application here.

Finding no error in the trial court's judgment, it is affirmed.

Affirmed.