## McCLAFLIN v. WINFIELD, Clerk of Court. (No. 1837.)

(Court of Civil Appeals of Texas. El Paso. Jan. 28, 1926.)

1. **Judgment ⬤═853(3)—Judgment held not to become dormant, where execution issued within year after rendition, though sheriff's return showed only making of levy and advertisement.**

Where execution was issued on a judgment foreclosing a mortgage lien within year after its rendition, it did not become dormant by reason of sheriff's return, showing only the making of a levy and advertising property for sale, in view of Vernon's Sayles' Ann. Civ. St. 1914, art. 3717, and hence an assignee of the judgment was entitled to a mandamus compelling clerk of court to issue an alias execution to foreclose the unsatisfied judgment lien.

2. **Clerks of courts ⬤═67—Issuance of an alias writ by clerk of court held to be purely ministerial.**

The duty of clerk of court to issue the alias writ of execution on application of a judgment creditor is purely ministerial, involving no judicial discretion when applied for by a proper party, and only inquiry to be made by the clerk

is whether record shows an unsatisfied judgment or decree authorizing the issuance of the writ.

Appeal from District Court, Pecos County; C. R. Sutton, Judge.

Mandamus by Mrs. Mary McClaflin to compel H. L. Winfield, Clerk of Court, to issue an execution on the judgment of the court and deliver the execution to the sheriff for service. From a judgment refusing to grant the writ, petitioner appeals. Reversed and rendered.

T. Wesley Hook, of Gordon, for appellant. McKenzie & Loose, of El Paso, and W. C. Jackson, of Guion, for appellee.

WALTHALL, J. This case presents an appeal by appellant, Mrs. Mary McClaflin, from an order of the district court of Pecos county, refusing to grant a writ of mandamus against appellee, H. L. Winfield, the clerk of that court, compelling him to issue an execution on a judgment of that court, and deliver the execution to the sheriff of that county for service.

The verified petition of Mrs. McClaflin recites, in substance, so far as seems to be material to the issues presented here, and the evidence substantially supports the recitations of the petitions:

That on the 13th day of January, 1920, Alfred N. and Claud S. Gossett jointly recovered a judgment in the district court of Pecos county, in suit No. 1339, against the Zimmerman Land & Irrigation Company et al., for $8,141 and interest and attorney fees, with a foreclosure of a vendor's lien on lands described, in Pecos county, as sections 28 and 30 in block 9, H. & G. N. Ry. Co., surveys in Pecos county; paragraph 17 of said judgment, applying to the land here involved, reciting in part as follows:

"To make and pay the said sum of $389, interest and attorney's fees, * * * there shall be levied upon and sold lot No. 11 of said section 30."

That no appeal or writ of error was taken from said judgment, and, while the judgment was wholly unpaid, at the request of the plaintiffs (Gossetts) the clerk of this court duly issued an order of sale thereon, on the 17th day of August, 1920; the order of sale was duly placed in the hands of the sheriff, who on the 17th day of August, 1920, levied upon said lands foreclosed upon, including said lot 11 of said section 30, but that no sale was made, for the reason that plaintiffs' (Gossetts') attorney requested the sheriff to proceed no further with the enforcement of said order of sale as to said lot 11, and the sheriff's return on the order of sale shows the facts as above.

The petition further recites that, as far as the judgment was apportioned to said lot 11,

it was assigned in writing and acknowledged to Mrs. McClaflin on February 9, 1921, and the assignment filed among the papers; the Gossetts then being the owners of the judgment, and it being then and now wholly unsatisfied.

The petition recites the filing of a suit in trespass to try title by Mrs. McClaflin against Mrs. Violet Johnson et al., in the district court of Pecos county, on February 13, 1923, in which she asserted that she was seized and possessed in fee simple title to said lot 11, which said suit resulted in a verdict and judgment against Mrs. McClaflin, and decreeing the title to lot 11 to be in Violet Johnson, and awarding to her writ of possession and restitution; the said petition reciting in part:

"But she (Mrs. McClaflin) reserves all rights to further proceed in the enforcement of the aforesaid judgment she purchased as aforesaid from said Gossetts."

From that judgment no appeal was prosecuted. After the time for perfecting appeal in the McClaflin-Johnson et al. suit, Mrs McClaflin requested H. L. Winfield, appellee, the clerk of the district court of Pecos county, "to issue a new order of sale" in said cause (the original Gossett suit), and to deliver it to the sheriff for enforcement, which appellee refused to do. Appellant prayed for service of citation, and for the appointment of a clerk pro tem. for writ of mandamus directing the clerk to issue an alias order of sale on the Gossett judgment, directing the sale of said lot 11 to satisfy said (Gossett) judgment lien on said lot. A clerk pro tem. was appointed and duly qualified; appellee waived service and answered by general demurrer and general denial. During the September term, 1925, of Pecos county district court, the application for mandamus was heard by the district court and denied, and from that order this appeal is duly prosecuted.

## Opinion.

The appellee, clerk of the district court of Pecos county, having refused to issue the alias execution or order of sale on application of Mrs. McClaflin, to foreclose the unsatisfied judgment lien of the Gossetts, assigned to her, on lot No. 11, the only question presented is as to the right of Mrs. McClaflin to have the mandamus against the clerk directing the issuance of said alias order of sale.

[1] The undisputed evidence is that the Gossetts obtained a judgment for debt against the Zimmerman Land & Irrigation Company, and foreclosure of a mortgage lien and vendor's lien on the lands described, including lot No. 11 involved here; that the district clerk, within the year, issued an execution on said judgment, but that same, under the direction of the plaintiffs in the writ was returned by the sheriff without action on his part, other than to make the levy and advertise the property for sale.

No execution under said judgment was applied for or issued, within the year other than the one above referred to. It is insisted by appellee that under the facts stated the judgment had become dormant, and by reason of the character of the return made of the execution, and for that reason the alias execution should not have been issued. The dormancy of the Gossett judgment depends upon the issuance of execution within 12 months after the rendition of the judgment. The execution was issued within 12 months after rendition of the judgment. Article 3717, V. S. reads:

"If no execution is issued within twelve months after the rendition of a judgment in any court of record, the judgment shall become dormant and no execution shall issue thereon, unless such judgment be revived; but, where the first execution has issued within the twelve months, the judgment shall not become dormant, unless ten years shall have elapsed between the issuance of executions thereon, and execution may issue at any time within ten years after the issuance of the preceding execution."

The contention of the appellee that the judgment became dormant because the execution was returned not executed under the direction of the judgment creditor cannot be sustained, under Pfeuffer et al. v. Werner, 27 Tex. Civ. App. 288, 65 S. W. 888, and Riddle v. Bush, 27 Tex. 675.

[2] The duty of the clerk to issue the alias writ of execution on application of the judgment creditor is purely ministerial, and, where the application for the writ proceeds from a proper party, the clerk has no judicial discretion to exercise, and the only inquiry he can properly make is whether the record of the court shows an unsatisfied judgment or decree authorizing the issuance of the writ. 23 C. J. 365. The learned trial judge did not indicate his reason for the refusal of the writ of mandamus, and, in our judgment, no sufficient reason has been suggested in the brief filed in this court. The title of parties to the lands involved other than the parties to the original judgment have been injected into this record, creating thereby some confusion as to the one and only one issue in the case. It is not our purpose in this case to pass upon the title to lot No. 11, nor whether lot No. 11 is subject to sale under the alias execution applied for, but this opinion is intended to hold only that it was the duty of the clerk, under the record presented, on application of the judgment creditor, to issue the execution and deliver it to the sheriff for service; that is, the performance of the ministerial duty of the clerk.

For reasons stated, the judgment of the district court in refusing to grant the writ of mandamus is reversed, and here rendered in favor of appellant.

Reversed and rendered.