## CITIZENS STATE BANK OF CLARINDA, IOWA, v. DEL–TEX INV. CO. et al.

No. 10383.

Court of Civil Appeals of Texas. San Antonio.

Dec. 14, 1938.

Rehearing Denied Jan. 11, 1939.

Brown & Bader, of Edinburg, for appellant.

Carter & Stiernberg, of Harlingen, for appellees.

SMITH, Chief Justice.

Citizens State Bank of Clarinda, Iowa, appellant herein, brought this action in trespass to try title against Del-Tex Investment Company to recover title and possession of a tract of land situated in Hidalgo County. From an adverse judgment rendered upon a trial before the court without a jury, the Bank has appealed.

The record shows that both appellant and appellee purchased said lands at different judicial sales, resulting in this suit in trespass to try title by appellant against appellee. While there is a statement of facts in the record, there are no findings of fact or conclusions of law by the trial judge, and this Court must therefore presume that every fact issue in the case and essential to the judgment was resolved by the trial judge in support of that judgment. As appellant has not assigned error upon any of those implied findings, they become the findings of this Court.

In September, 1934, E. C. Brand, State Banking Commissioner, recovered a money judgment against Lewis Annan, in the 93d District Court of Hidalgo County, and later assigned that judgment to Del-Tex Insur-

ance Company, appellee herein. In October, following, this judgment was abstracted, filed, indexed and recorded in the appropriate record in said county. On May 3, 1935, original execution was issued on said judgment, returnable in sixty days, and under it a local constable levied upon the land here involved, belonging to the judgment debtor, Annan, but on July 20th, returned and filed the execution making this return thereon: "This Cause has been settled and execution returned nulla bona at the request of plaintiff's attorneys. Carter & Stiernberg by Ralph Lee. C. C. Clayton, Constable, Hidalgo County, Texas."

Nothing further was done upon that judgment until November, 1936, when, under order of the court in which the judgment was rendered, the constable corrected his original return on the execution, showing levy upon the land and collection of part of the judgment, and that "sale was postponed because the defendant paid to plaintiff, or his assignee, the sum of One Hundred Fifty ($150.00) Dollars on said judgment and this execution is returned on this the 31st day of May A. D. 1935, in order that another execution may be issued hereon."

On November 9, 1936, under pluries execution, the land was sold to appellee, the judgment creditor, to whom it was conveyed by sheriff's deed on December 1st.

In the meantime, however, on September 23, 1936, appellant Bank brought suit against Annan in the 92d District Court of said county to enforce a prior judgment obtained against him in a Missouri Court, and on the following day had the land seized by the sheriff under writ of attachment issued in that suit. The sheriff duly made his return on said writ, and the same was filed on September 25, 1936, and recorded in the attachment records of the County. The attachment lien so fixed was duly foreclosed and the land sold thereunder to appellant Bank, the judgment creditor, on March 3, 1937. Appellant bases the right to recover upon the title acquired at that sale.

Now, the record in this case indicates, and the trial judge impliedly found, that appellee procured judgment against the owner of the land involved, in the 93d District Court of Hidalgo County; that the clerk of that court properly abstracted said judgment, including in the abstract every requirement prescribed in Art. 5447; that said abstract was filed in the office of the

County Clerk, who forthwith correctly recorded the same, except that in recording it it was mistakenly recited that the judgment was rendered in the 92d District Court of Hidalgo County, whereas, it was actually rendered, and so recited in the abstract, in said 93d District Court.

It is first contended by appellant that the error in the record of the abstract of appellee's judgment, whereby it was recited that the judgment was rendered in the 92d, instead of the 93d, District Court of Hidalgo County, was fatal to the validity of the abstract, and rendered it ineffectual for the purpose of notice to strangers of the existence of the judgment lien thereby sought to be established. We overrule the contention. The object of the statutory proceeding for abstract of judgment and recordation thereof is to put subsequent purchasers or encumbrancers of property sought to be charged upon notice of the lien thereby created. If the record is such as to charge third parties with notice of the lien or to excite inquiry which, if reasonably or diligently pursued, would disclose the existence of the lien, then the true object of the statute is served. Arts. 5447, 5448, R.S.1925; 26 Tex.Jur. p. 370, § 526; Traweek v. Simmons, Tex.Civ.App. 72 S.W.2d 349; Fike v. Buckholts State Bank, Tex.Civ.App., 273 S.W. 957.

Here the judgment was correctly abstracted in all its details, but in recording it the clerk mistakenly wrote that it was rendered in the 92d, instead of the 93d, District Court of Hidalgo County. Both said courts were in Hidalgo County, exclusively, and of course the records of both were kept by the same official in the same courthouse, but cases in each court are rendered definitely distinguishable by a statutory provision that "The letters 'A' and 'B' shall be placed upon the docket and court papers in the respective district courts of Hidalgo county to distinguish them; 'A' being used in connection with the Ninety-second District Court, and 'B', being used in connection with the Ninety-third District Court." Art. 199, R.S.1925, as amended, Acts 1931, 42nd Leg. p. 876, ch. 370, Vernon's Ann.Civ.St. art. 199, par. 92.

In the abstract here in question, and the record thereof, the number of the cause in which the judgment was rendered was correctly given as "B"-9961, by which it was allocated by the statutory provision, as a matter of law, to the 93d District Court,

in which the judgment was actually rendered. We think that, under the authorities cited, this designation, together with the admittedly correct recital of all the data literally required by the Statute (Art. 5447), was sufficient to put the judgment lien in operation against subsequent purchasers or encumbrancers of lands owned by the debtor.

In its fifth and succeeding propositions appellant seems to contend that because the land was seized under writ of attachment procured by appellant after the levy under appellee's prior judgment had been made and the execution and order of sale issued thereunder returned "nulla bona," on the assumption that the cause had been settled, the subsequent sale of the land under a pluries execution issued upon appellee's judgment, after amendment of the original return, was void, under the doctrines of waiver and estoppel inuring to appellant under its alleged reliance upon said officer's original return. We overrule those propositions.

■ The record shows, as stated, that appellee filed with the proper officer the abstract of judgment obtained by him against Annan, the common debtor. That abstract was duly recorded and indexed in the appropriate record as provided in Arts. 5447, 5448. By this procedure the judgment lien was created in favor of appellee, and, as execution was issued thereon within twelve months, the lien was continued in force thenceforward. Art. 5449, and art. 3773, as amended by Acts 1933, 43d Leg. p. 369, Ch. 144, Vernon's Ann.Civ.St. arts. 5449 and 3773.

■ The lien having been fixed as provided by law and extended by timely issuance of execution, it could be abrogated only by satisfaction evidenced in accordance with one of the two methods prescribed by statute, to-wit, By officer's return on the execution certified in the manner prescribed, or by receipt duly executed and acknowledged by the owner of the judgment, his agent, or attorney, as provided in Art. 5450. There is no contention here that the admittedly prior lien held by appellee was actually satisfied, or shown on the records to have been satisfied, and the fact that appellant subsequently acquired an attachment lien upon the same land, could not militate against the priority or superiority of appellee's lien. Pfeuffer v. Werner, 27 Tex.Civ.App. 288, 65 S.W. 888.

■ Appellant complains, in its argument, of the action of the court, in the original suit of appellee, in authorizing and directing an amendment or correction of the original officer's return upon execution issued in that suit. That action, however, was within the sitting judge's discretion (27 Tex.Jur. p. 511, § 51), dependent upon the evidence, which, presumably, he resolved in favor of that action. His ruling was conclusive between the parties to that suit and judgment, although not as to third parties, such as appellant in this case (Id. § 53), who, in a direct action would have been permitted to contradict or vary, or nullify, the return, by his own testimony (Id. § 53). But, after all, in this case the propriety and facts of the returns and amendments thereto, even if questionable in this collateral proceeding, and the fact questions of waiver and estoppel, were for the determination of the trial judge, in his discretion, under the evidence. Appellant does not contend by specific assignment of error that the trial judge abused that discretion in the case, albeit the transactions involved may smack somewhat of a juggling of executions and returns. This Court's prerogatives are restricted by the absence of seasonable and specific complaints which reach further down into the vitals of the case.

No reversible error is presented in the appeal and the judgment must be affirmed.

## On Motion for Rehearing.

It was stated at the conclusion of the original opinion that "This Court's prerogatives are restricted by the absence of seasonable and specific complaints which reach further down into the vitals of the case." In its motion for rehearing appellant questions, and requests an explanation or elaboration of the quoted statement, and perhaps justly so. But, as the statement is unnecessary to the decision, it would be futile to elaborate upon it, and, in deference to appellant's criticism, we withdraw it.

With this qualification of the original opinion, appellant's motion for rehearing will be overruled.