ACCEPTED
14-14-00896-CV
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
9/8/2015 10:53:41 PM
CHRISTOPHER PRINE
CLERK

14-14-00896-CV

_____

IN THE COURT OF APPEALS
14TH JUDICIAL DISTRICT
HOUSTON, TEXAS

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS

9/8/2015 10:53:41 PM

CHRISTOPHER A. PRINE
Clerk

_____

QUINCY K.A. SINTIM and SHIRLEY H. MILLS n/k/a SHIRLEY H.
SINTIM,
Appellants


v.


MICHELE LARSON and BRIAN LARSON,
Appellees.

_____


On Appeal from the 152nd District Court
Harris County, Texas
Cause Number 2002-40624A

_____


REPLY BRIEF OF APPELLANTS

_____


James Okorafor
SBN 15241710
10101 Fondren Rd. Suite 260
Houston, Texas 77096
Tel: (713) 839-9700
Email: laws@joolaws.com

Attorney for Appellants

1

**Identity of Parties and Counsel**

Appellants

Quincy K.A. Sintim
Shirley H. Mills n/k/a Shirley H. Sintim

Represented by: James O. Okorafor
SBN 15241710
10101 Fondren Rd. Suite 260
Houston, Texas 77096
Telephone: (713) 839-9700
Email: laws@joolaws.com

_____

Appellees

Michelle Larson
Brian Larson

Represented by: David W. Showalter
SBN 18306500
1117 FM 359 Rd. Ste 200
Richmond, Texas 77406
Tel: (281) 341-5577
Fax: (281) 762-6872
Email: david@showalterlaw.com

## Tables of Contents

Identity of Parties and Counsel…………………………………………….2

Index of Authorities……………………………………………………...4, 5

REPLY TO:

      Reply to Statement of Jurisdiction:…………………………………6
      Appellees' Responsive Issue 1:……………………………………..8
      Appellees' Responsive Issue 2:……………………………………11
      Appellees' Responsive Issue 3:……………………………………13

Conclusion…………………………………………………………………...16

Prayer………………………………………………………………………...17

Certificate of Compliance…………………………………………………17

Certificate of Service………………………………………………………...17

# Index of Authorities

## Cases

Arenivar v. Providian Nat'l Bank, 23 S.W.3d 496 (Tex. App. –Amarillo 2000, no pet.)………………………………………………………………10

Benson v. Greenville Nat'l Exchange Bank, 253 S.W.2d 918 (Tex. App. 1952)………………………………………………………………………12

Boggess v. Howard, 40 Tex. 153………………………………………….……11

Bourn v. Robinson, 49 Tex. 157 S.W. 873 (Tex. Civ. App. 1908)………...11

Blake v. Dorado 211 S.W.3d 429 (Tex. App. El Paso 2006)………………14

City of Garland v. Dallas Morning News, 22 S.W.3d 351 (Tex. 2000)........14

Fellows v. Adams, No. 01-06-00924-CV, 2007 WL 3038090 (Tex. App. – Houston [1st Dist] Oct. 18, 2007, no pet.)……………………………………...9

First Nat'l Bank v. Shockley, 663 S.W.2d 685 (Tex. App. –Corpus Christi 1983, no writ)……………………………………………………………………..9

Folsom Inv., Inc. v. Troutz, 632 S.W.2d 872 (Tex. App. –Fort Worth 1982)……………………………………………………………………………….9

Henry S. Miller Co. v. Hamilton, 813 S.W.2d 631 (Tex. App. – Houston [1st] 1991, no writ)……………………………………………………………..…9

In Re Amaya, 34 S.W.3d 358 (Tex. App. Waco, 2001)……………..………14

In Re American Optical Corp., 988 S.W.2d 711 (Tex. 1998)……………...13

In Re Alford Chevrolet -Geo, 997 S.W.2d 173, 181 (Tex.1999)…………..13

Jackson v. Gutierrez, 77 S.W.3d 898, 904 (Tex. App. –Houston [14th Dist.] 2002, no pet.)……………………………………………………………………..9

Metcalf v. Tavlor, 708 S.W.2d 57 (Tex. App. – Fort Worth 1986, no writ)……………………………………………………………………….....9

Morgan v. Compugraphic Corp., 675 S.W.2d 729 (Tex. 1984)……………..9

Pfeuffer v. Werner, 27 Tex. Civ. App. 288, 65 S.W. 888 (Tex. App. 1901, writ denied)…………………………………………………………...12

Renteria v. Trevino, 79 S.W.3d 240 (Tex. App. –Houston [14th Dist.] 2002, no pet.…………………………………………………………...............10

Swinnea v. Flores, no. 07-07-0060-CV, 2008 WL 1848203 (Tex. App. – Amarillo Apr. 25, 2008, no pet.)……………………………………………….9

South Tex. Development Co. v. Martwick, 328 S.W.2d 230 (Tex. Civ. App. Waco 1959)…………………………………………………………………….8

Tex. Ass'n of Business v. Air Control Bd., 852 S.W.2d 440 (Tex. 1993)…15

## Statutes and Rules

Texas Property Code Chapter 41……………………...………...……12

Texas Property Code Chapter 42 …………………………………………12

Texas Rules of Civil Procedure, Rule 243…………………………………..9

Texas Rules of Civil Procedure, Rule 301…………………………………..7

**APPELLANTS' REPLY BRIEF**

In reply to Appellees' Brief, Appellants show the following as to each of Appellees' Responsive Issues:

**REPLY TO STATEMENT OF JURISDICTION:**

The Appellees' Statement of Jurisdiction is incorrect and misleading. Their conclusion that "this Court lacks jurisdiction to consider this appeal" is wrong as a matter of law and cannot divest this Court of its jurisdiction. There is no authority for the conclusion that this Court has no jurisdiction to review the trial court's decision that the dormant judgment is valid.

Regarding the default judgment, Appellees severally mischaracterize the record. It is incorrect that Appellants "never secured a hearing by the Trial Court………" regarding their timely filed Motion for New Trial, they did. Appellants timely filed a Motion for New Trial, a Supplement to their Motion for New Trial and a POST HEARING brief relating the Motion for New Trial. CR pg. 39-42; 64-69 and 70-73. To now blame Appellants for the failure or refusal of the trial judge to rule on the Motion for New Trial serves no useful purpose.

Additionally the default judgment is so offensive to our sense and system of justice that equity and justice demands its invalidation regardless

of procedural hurdles. The law, like the Sabbath, is made for Man and not vice versa and a judgment, which is so intrinsically unjust, cannot be sustained. For example, the judgment does NOT conform to the pleadings and the evidence as required by TEX. R. CIV. P. 301. No amount of money is pled in the pleadings and assuming arguendo there was a hearing on damages, no amended pleadings were filed to satisfy the requirements of TEX. R. CIV. P. 301. The causes of actions pled were not sustainable; a DTPA claim requires a 60 days notice to the non-claiming party. This was NOT done. As judicially admitted in Appellees Original Petition, the alleged negligent inspection was by their agent, George W. Munns. For Appellees to be awarded a judgment of $109,173.00 for a house they paid around $80,000.00 for has no legal basis. Regardless of whether The Sintims filed an Answer, it was/is impossible to adduce evidence that The Sintims should be punished with an award of $218,000.00 for the negligence of Appellees (Larson's) agent(s). The Larsons, as principals, are responsible for the conduct of their agents. Further, an attorney fee award of $131, 000.00 in 2002 dollars for filing an Original Petition, Motion for Default Judgment and attending ONE hearing was/is not customary in 2002 or now in Harris County, Texas. Assuming without conceding that it amounted to 10 billable hours, the award would still be equal to $13,100.00 per hour in 2002 dollars.

A plaintiff still has the burden of proof even in a default judgment proceeding. There is NO IOTA of evidence to support either the causes of action or the damages awarded for the unsustainable causes of action. The law is an honorable profession, the last hope of the common man. This Court should NOT uphold this misuse and abuse of the law and the legal process. Equity and justice demands no less.

**APPELLEES' RESPONSIVE ISSUE 1:**

In addition to re-urging the matters previously states in Appellant's Brief and in reply to Appellees' Responsive Issue 1, Appellant shows the following:

### A. Fraud

"Fraud vitiates every transaction tainted by it even the solemn judgments of Courts of record." *South Tex. Development Co. v. Martwick,* 328 S.W.2d 230 (Tex. Civ. App. Waco 1959), writ refused n.r.e., (Mar. 16, 1960). The fraud in the underlying judgment is so evident that the court should deem that the judgment is void. First and foremost the judgment in the underlying case does not match the trial pleadings. (See CR at 4-15 and CR 29-31). Further, the trial court pleadings raised a DTPA cause of action however; the Appellants' were never given the statutorily required 60-day notice under the DTPA.

8

In the case of unliquidated damages a hearing was necessary for the Appellees to prove their damages. TEX. R. CIV. P. 243 requires that a court hear evidence of unliquidated damages. (*Morgan v. Compugraphic Corp.*, 675 S.W.2d 729, 731 (Tex. 1984); see also *Swinnea v. Flores*, No. 07-07-0060-CV, 2008 WL 1848203, at *2 (Tex. App.—Amarillo Apr. 25, 2008, no pet.); *Fellows v. Adams*, No. 01-06-00924-CV, 2007 WL 3038090, at *3 (Tex. App.— Houston [1st Dist.] Oct. 18, 2007, no pet.); *Jackson v. Gutierrez*, 77 S.W.3d 898, 904 (Tex. App.—Houston [14th Dist.] 2002, no pet.)). When damages are unliquidated, a plaintiff is required to prove the connection between the liability and the injury, despite the defendant's default. *Henry S. Miller Co. v. Hamilton*, 813 S.W.2d 631, 634 (Tex. App.—Houston [lst Dist.] 1991, no writ) (in DTPA case, plaintiffs required to show extent of defaulting defendant's knowledge of any flooding to be entitled to additional damages). The standard of proof required in a default judgment case is the same as that in contested cases. *Folsom Inv., Inc. v. Troutz*, 632 S.W.2d 872, 876 (Tex. App.—Fort Worth 1982, writ ref'd n.r.e.).

Furthermore, exemplary damages would be in the nature of unliquidated damages and therefore would need to be supported by evidence introduced at the hearing. *First Nat'l Bank v. Shockley*, 663 S.W.2d 685, 689 (Tex. App. -Corpus Christi 1983, no writ); see also *Metcalf v. Tavlor*, 708

S.W.2d 57, 59 (Tex. App.—Fort Worth 1986, no writ) (default judgment set aside because no evidence produced from which amount of punitive damages could be determined); *Arenivar v. Providian Nat'l Bank*, 23 S.W.3d 496, 498 (Tex. App.—Amarillo 2000, no pet.).

The docket sheet in this case merely states that there was a hearing held on unliquidated damages, but there is NO evidence in the record regarding what proof was offered or admitted to prove up the damages. There is nothing from the record to disprove the assumption that the trial judge merely signed and entered a default judgment prepared by the Larsons even though there were no amounts pled and no evidence to support the amounts in the judgment.

Therefore, there exists a sufficiency of evidence issue with the underlying judgment. If the record reveals that the evidence did not support the damages awarded in a default judgment the judgment must be vacated. *Renteria v. Trevino*, 79 S.W.3d 240, 242 (Tex. App.—Houston [14th Dist.] 2002, no pet.

Furthermore, the docket sheets are incomplete/inaccurate as they do mention or include the hearing on Appellants Motion for New Trial.

**APPELLEES' RESPONSIVE ISSUE 2:**

In addition to re-urging the matters previously states in Appellant's Brief and in reply to Appellees' Responsive Issue 2, Appellant shows the following:

### A. Defective Processes

The Appellees writ of execution itself was/is prima facie defective at the time of its preparation. It referred to and was predicated on an inapplicable Court term and therefore not applicable to the default judgment. This is an "irregularity in the issuance of execution". *See Boggess v. Howard*, 40 Tex. 153. Those who come to equity should come with clean hands. The Larsons default judgment is based on a late filed answer by the Sintims. If this is overlooked and the Appellees are allowed to recover approximately $400,000.00 for a house they only paid $80,000.00 for they would recover a 500% profit margin.

Furthermore, the Appellees are required to serve the Appellants with the Writ of Execution. However this never occurred. The presumption of service has been rebutted by the Sintims and this renders the Writ improper at least with respect to service. This indicates a lack of diligence and good faith with respect to the issuance and service of the Writ.

## B. Lack of Diligence / Good Faith

Both parties in this appeal agree that issuance of a writ of execution is more than a mere clerical preparation. Issuance requires that the writ be delivered to an officer for enforcement. *Bourn v. Robinson*, 49 Tex. 157, 107 S.W. 873, 875 (Tex. Civ. App. 1908). Furthermore, issuance of a writ of execution is not sufficient if there is no diligence or there is a lack of good faith. *Pfeuffer v. Werner*, 27 Tex. Civ. App. 288, 65 S.W.888, 889 (Tex. App. 1901, writ denied). *See also Benson v. Greenville Nat'l Exchange Bank*, 253 S.W.2d 918, 926 (Tex. App. 1952).

The record is void of any attempts made my Appellee to identify non-exempt property, which could possibly lead to any expectation of recovery. This shows a lack of diligence in the Appellee's search for recoverable property and a lack of good faith when delivering the writ to the officer, because there was no reasonable expectation of recovery.

The Texas Property Code in chapters 41 and 42, list property designated as exempt from judgments. Section 41.001 of the Texas Property Code exempts a person's homestead from seizure by creditors. Property Code sections 42.001 and 42.002 exempt certain personal property from seizure by creditors. The attempt by the Appellees to execute a writ on the

Sintims' homestead was impermissible as a matter of law. This alone demonstrates a lack of diligence and good faith.

The Court should deem the Appellees actions to execute the writ and keep the judgment alive demonstrate a lack of good faith and rise to the level of malice and a continued pattern of harassment towards Appellants. The Appellees have waited until the last hour to attempt and revive the default judgment in order to continue and pursue a judgment, which shocks the conscious.

**APPELLEES' RESPONSIVE ISSUE 3:**

In addition to re-urging the matters previously states in Appellant's Brief and in reply to Appellees' Responsive Issue 3, Appellant shows the following:

### A. Abusive Discovery

First and foremost Appellants' feel compelled to bring to the Court's attention that Appellees have conducted several rounds of post judgment discovery since 2004 (Depositions and Post Judgment Discovery were conducted in 2004, 2010, 2013 and 2014). The current motive of the Appellees in the trial Court is not to conduct discovery in order to collect on their judgment but to harass Appellants. The discovery for which the trial

Court issued sanctions for was blatantly voluminous and excessive (See CR SUP 50 – 166).

Texas law has long held that, discovery must be reasonably tailored to include only matters relevant to the case. *In Re American Optical Corp.*, 988 S.W.2d 711 (Tex. 1998). In the Post Judgment context discovery must be tailored in such a way that the party propounding the discovery expects the responses to lead to recoverable assets. The current discovery contains hundreds of questions and repeats questions, which have been answered over the 10 plus years since the Default Judgment has been signed. Discovery cannot be used as a fishing expedition or impose an unreasonable discovery expense on an opposing party. *In re Alford Chevrolet-Geo*, 997 S.W.2d 173, 181 (Tex. 1999).

It is undisputed that the Appellants have responded to previous post judgment discovery request by the Appellees. Therefore, the current discovery by Appellees is cumulative, abusive, harassing and not calculated or directed at identifying and locating assets, which may be subject to execution to satisfy the default judgment. This is the applicable standard as set out in cases such as, *In re Amaya*, 34 S.W.3d 358 – 359 (Tex. App. – Waco, 2001). Since, the Sintims are individuals, post judgment discovery is

required to be directed at unencumbered assets, which are not exempt from execution.

**B. No Evidence of Fees of Expenses**

Appellee's own brief acknowledges the fact that "The award of expenses imposed as a discovery sanction is not a penalty, but functions to reimburse the movant for expenses incurred in obtaining an order to compel discovery. *Blake v. Dorado* 211 S.W.3d 429 (Tex. App. El Paso 2006)"

In general, the reasonableness of attorneys' fees is a question of fact. *City of Garland v. Dallas Morning News*, 22 S.W.3d 351, 367 (Tex. 2000). In the Appellee's own motion to compel discovery responses (See CR SUP 5 – 11) Appellee's attorney simply states his expenses are $3,500.00 without the addition of any affidavits or explanation of fees to prove up such fees. There are no affidavits by any attorney detailing the work done, by whom, when and at what rate. Therefore, there is no basis for the trial Court to award fees except based on speculation. Without testimony of the fees and expenses the award is void as pleadings are not evidence.

**C. Timeliness**

A detailed examination of events in this case shows that the trial Court determined it had subject matter jurisdiction over the discovery dispute on October 9, 2014 and within 6 days on October 15, 2014, issued sanctions

against Appellant. Once the trial Court determined it had subject matter jurisdiction over the dispute the Court should have allowed more time for Appellant's to properly respond to the outstanding discovery, because subject-matter jurisdiction is essential to the authority of a court to decide a case and is never presumed. *Tex. Ass'n of Business v. Air Control Bd.,* 852 S.W.2d 440 at 443–44 (Tex. 1993*).* Therefore, until the Court issued an order stating its jurisdiction over the matter the Appellant's were not in defiance of a proper Court order. If the Default Judgment is dormant the trial Court lacks jurisdiction and cannot enter any orders. Until and unless this Court resolves that issue, it is not clear that the trial court can enter any orders subsequent to December 2012. For reasons previously stated, assuming the trial Court has jurisdiction to enter post judgment orders, the discovery is still abusive and not calculated to lead to relevant evidence.

## CONCLUSION

Appellees default judgment was/is ab initio defective. It is void or is voidable. Assuming its validity, the default judgment is dormant and not enforceable. Attempts to revive the dormant judgment were defective and as of today, Plaintiffs have not met their burden to show that the dormant judgment was properly revived, including the proper preparation and delivery of the writ of execution, the service to the Sintims and the exercise

of "due diligence" in its enforcement. For these reasons, the trial Court lacks subject matter jurisdiction with respect to the dormant judgment.

## PRAYER

For the reasons state herein, each of Appellants' issues on appeal should be granted.

Respectfully submittd,

*/s/ James Okorafor*
James Okorafor
SBN 15241710
10101 Fondren Rd. Ste 260
Houston, Texas 77096
Tel: (713) 839-9700

Attorney for Appellants

## CERTIFICATE OF COMPLIANCE

Appellants certify that in accordance with Tex. R. App. That the preceding reply brief excluding those sections not calculated as to length is comprised of 2,354 words.

*/s/ James Okorafor*
James Okorafor

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing instrument has been served on all counsel who have appeared herein by electronic transmission.

*/s/ James Okorafor*
James Okorafor